■ In the Matter of DEIRDRE M. PRICE, Appellant, v HOWARD JENKINS, Respondent. [52 NYS3d 453]—

Appeals by the mother from (1) an order of the Family Court, Nassau County (Thomas A. Rademaker, J.), dated May 6, 2015, and (2) an order of that court, also dated May 6, 2015. The first order dismissed, without a hearing, the mother's family offense petition against the father, without prejudice. The second order dismissed, without a hearing, the mother's petition for modification of an order of custody, with prejudice.

Ordered that the appeal from the order denying the petition for modification of an order of custody is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order dismissing the family offense petition

is reversed, on the law, without costs or disbursements, that petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for further proceedings on the family offense petition, before a different Judge.

The mother's appeal from the order dismissing her petition to modify an order of custody must be dismissed as academic, as the subject child has since reached the age of majority and can no longer be the subject of a custody or visitation order (see *Matter of Ring v Ring*, 140 AD3d 1075 [2016]; *Matter of Chana J.A. v Barry S.*, 135 AD3d 743 [2016]; *Matter of McGovern v Lynch*, 62 AD3d 712 [2009]).

The Family Court's dismissal of the family offense petition prior to the mother's presentation of evidence and without first making a factual determination as to whether a family offense had been committed was improper. The purpose of a family offense proceeding is to attempt "to stop the violence, end the family disruption and obtain protection" (Family Ct Act § 812 [2] [b]). Where, as here, a petition sets forth factual allegations which, if proved, would constitute a family offense (see Family Ct Act § 812 [1]), a hearing must be held and a factual determination made as to whether a family offense was committed (see *Matter of Alfeo v Alfeo*, 306 AD2d 471 [2003]). Accordingly, we reinstate the petition and remit the matter to the Family Court, Nassau County, for further proceedings on the petition.

In light of certain remarks made by the Family Court Judge during the course of the proceedings, we deem it appropriate that the family offense petition be heard and determined by a different Judge.

The parties' remaining contentions are without merit. Mastro, J.P., Sgroi, LaSalle and Connolly, JJ., concur.