Matter of Malcome X. K. (Amber N. M.) (2020 NY Slip Op 00132)





Matter of Malcome X. K. (Amber N. M.)


2020 NY Slip Op 00132


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
BETSY BARROS, JJ.


2019-02065
 (Docket No. B-3308-18)

[*1]In the Matter of Malcome X. K. (Anonymous), Jr. Dutchess County Department of Community and Family Services, respondent; Amber N. M. (Anonymous), appellant.


Kelley M. Enderley, Poughkeepsie, NY, for appellant.
James Fedorchak, County Attorney, Poughkeepsie, NY (Maureen J. Brierton of counsel), for respondent.
William E. Horwitz, Briarcliff Manor, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of the Family Court, Dutchess County (Jeffrey C. Martin, J.), dated February 21, 2019. The order, insofar as appealed from, denied those branches of the mother's motion which were pursuant to CPLR 5015(a) to vacate an order of fact-finding and disposition of the same court (Joan S. Posner, J.) dated November 21, 2018, which, upon the mother's failure to appear at a fact-finding and dispositional hearing, found that the mother abandoned the subject child, terminated her parental rights, and transferred guardianship and custody of the subject child to the petitioner for the purpose of adoption, and pursuant to CPLR 3211(a)(8) to dismiss the petition for lack of personal jurisdiction.
ORDERED that the order dated February 21, 2019, is affirmed insofar as appealed from, without costs or disbursements.
A parent seeking to vacate a default in a proceeding to terminate parental rights must establish a reasonable excuse for the default, as well as a potentially meritorious defense to the relief sought in the petition (see CPLR 5015[a][1]; Matter of Kamiyah D.B.V. [Myron B.], 168 AD3d 752, 753). Here, the mother did not submit an affidavit based on personal knowledge in support of her motion, inter alia, to vacate her default and, thus, did not demonstrate a reasonable excuse for her failure to appear on the scheduled court date (see Matter of Ramos v Ramos, 174 AD3d 718, 718-719; Matter of Moreno v Ramos, 174 AD3d 716, 717). The representations of counsel alone, made "upon information and belief," were insufficient to meet the burden of establishing that there was a reasonable excuse for the mother's failure to appear (see Shy v Shavin Corp., 174 AD3d 936, 937; Fekete v Camp Skwere, 16 AD3d 544, 545). Since the mother failed to demonstrate a reasonable excuse for her default, we need not reach the issue of whether she demonstrated a potentially meritorious defense to the petition (see Matter of Ramos v Ramos, 174 AD3d at 719; Matter of Moreno v Ramos, 174 AD3d at 717; Matter of Nathalie D.N. [Nathaniel H.N.], 149 AD3d 750, 751).
We agree with the Family Court's determination to deny that branch of the mother's motion which was to dismiss the petition for lack of personal jurisdiction upon finding that service upon the mother was properly effectuated pursuant to Family Court Act § 617(d).
MASTRO, J.P., BALKIN, LEVENTHAL and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court