Matter of Rodriguez v Sabbat (2020 NY Slip Op 04170)





Matter of Rodriguez v Sabbat


2020 NY Slip Op 04170


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2019-04009 
2019-04019
 (Docket No. V-310-07)

[*1]In the Matter of Leticia Angela Rodriguez, appellant,
v
Michael S. Sabbat, respondent. Warren S. Hecht, Forest Hills, NY, for appellant.


Phillips & Paolicelli, LLP, New York, NY (Shaina Weissman of counsel), for respondent.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated November 9, 2018, and (2) an order of the same court dated March 11, 2019. The order dated November 9, 2018, insofar as appealed from, directed that no further pro se petitions or motions could be filed by the mother without prior leave of court. The order dated March 11, 2019, insofar as appealed from, denied the mother's petition alleging that the father violated the parental access provisions of an order of the same court dated April 27, 2018, and, sua sponte, modified the order dated April 27, 2018, so as to provide that the mother was only to have monthly therapeutic visitation with the parties' child for a period of six months, with the mother to pay all expenses of such therapeutic visitation.
ORDERED that the appeal from the order dated November 9, 2018, is dismissed, without costs or disbursements; and it is further,
ORDERED that the appeal from so much of the order dated March 11, 2019, as, sua sponte, modified the parental access provisions of the order dated April 27, 2018, is dismissed; and it is further,
ORDERED that the order dated March 11, 2019, is affirmed insofar as reviewed, without costs or disbursements.
The mother of the parties' child filed a petition on or about October 22, 2018, alleging, inter alia, that the father violated the parental access provisions of an order dated April 27, 2018. On or about November 9, 2018, the Family Court consolidated the petition with a number of prior petitions filed by the mother. By order dated November 9, 2018, the court directed that "with the exception of an emergency application, neither party may file a petition or motion without leave of Court." The order also provided that "all non emergency petitions and/or motions are to be filed by counsel only."
Subsequently, by order dated March 11, 2019, after a hearing, the Family Court, upon finding no willful violation on the part of the father, denied the mother's petition, inter alia, in effect, to impose civil or criminal contempt sanctions against the father for his alleged violations of the order dated April 27, 2018. The court also, sua sponte, modified the order dated April 27, 2018, so as to provide that the mother was to only have monthly therapeutic visitation with the child for a period of six months, in lieu of the parental access provided for in the order dated April 27, 2018. The mother appeals from the order dated November 9, 2018, and the order dated March 11, 2019.
The mother's appeal from the order dated November 9, 2018, must be dismissed as academic, as the child has since reached the age of majority and can no longer be the subject of a custody or parental access order. Similarly, the mother's appeal from so much of an the order dated March 11, 2019, as modified by parental access provisions of the order dated April 27, 2018, must be dismissed as academic, in light of the child's attainment of the age of majority (see Matter of Price v Jenkins, 149 AD3d 952, 953; Matter of Ring v Ring, 140 AD3d 1075).
The Family Court did not improvidently exercise its discretion in declining to impose contempt sanctions against the father. The hearing record showed that the father generally brought the child to a drop-off location for parental access, and did not otherwise establish that the father willfully violated the parental access provisions of the order dated April 27, 2018 (see Matter of Wright v McIntosh, 125 AD3d 679, 680; see also Matter of Hughes v Kameneva, 96 AD3d 845, 846).
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court