Matter of Leonides M. M. (Melissa L. D.) (2020 NY Slip Op 07576)





Matter of Leonides M. M. (Melissa L. D.)


2020 NY Slip Op 07576


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2020-00553
 (Docket No. B-6177-18)

[*1]In the Matter of Leonides M. M. (Anonymous). Children's Aid, respondent; Melissa L. D. (Anonymous), appellant.


Richard Cardinale, Brooklyn, NY, for appellant, and appellant pro se.
Rosin Steinhagen Mendel, PLLC, New York, NY (Melissa Wagshul of counsel), for
respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell, Claire V. Merkine, and Marisa Filupeit of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of the Family Court, Richmond County (Gregory L. Gliedman, J.), dated January 16, 2020. The order denied the mother's motion, in effect, to vacate an order of fact-finding and disposition of the same court dated August 15, 2019, which, after a fact-finding and dispositional inquest upon the mother's failure to appear, found that she abandoned the subject child, terminated her parental rights, and transferred custody and guardianship of the child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that the order dated January 16, 2020, is affirmed, without costs or disbursements.
In November 2018, the petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights to the subject child, who had been living in foster care since the child's birth in November 2017. In July 2019, the mother failed to appear at a fact-finding and dispositional hearing, and the Family Court conducted an inquest at which a family foster care supervisor of the petitioner testified. In an order of fact-finding and disposition dated August 15, 2019, entered upon the mother's failure to appear at the hearing, the court found that the mother had abandoned the child, terminated her parental rights, and freed the child for adoption. Thereafter, in November 2019, the mother moved, in effect, to vacate the order of fact-finding and disposition. In an order dated January 16, 2020, the court denied the mother's motion. The mother appeals.
We agree with the Family Court's determination denying the mother's motion, in effect, to vacate the order of fact finding and disposition which, among other things, terminated the mother's parental rights to the child. A parent seeking to vacate a default in a proceeding for the termination of parental rights must establish a reasonable excuse for the default, as well as a [*2]potentially meritorious defense to the relief sought in the petition (see CPLR 5015[a][1]; Matter of Malcome X.K. [Amber N.M.], 179 AD3d 684, 684; Matter of Qwin L.X.P. [Leonard P.], 158 AD3d 698, 699). The determination of whether to relieve a party of a default is a matter left to the sound discretion of the Family Court (see Matter of Kamiyah D.B.V. [Myron B.], 168 AD3d 752, 753; Matter of Qwin L.X.P. [Leonard P.], 158 AD3d at 699). Here, the mother failed to establish a reasonable excuse for her failure to appear at the hearing. The mother's proffered excuse that she was unaware of or mistaken about the date of the court appearance is unsubstantiated and her contention that she had previously attended almost all prior court proceedings is belied by the record.
Since the mother did not have a reasonable excuse for her default, this Court need not determine whether she demonstrated that she had a potentially meritorious defense (see Matter of Malcome X.K. [Amber N.M.], 179 AD3d at 684; Matter of Kamiyah D.B.V. [Myron B.], 168 AD3d at 753). In any event, the mother's assertions in her affidavit submitted in support of her motion failed to show that she has a potentially meritorious defense to the allegation that she had abandoned the child (see Social Services Law § 384-b[5][a], [b]; Matter of Qwin L.X.P. [Leonard P.], 158 AD3d at 699; see also Matter of Dayyan J.L. [Dayaan L.], 145 AD3d 1007, 1007).
The mother's remaining contentions, raised in her pro se supplemental brief, are raised for the first time on appeal and are not properly before this Court.
RIVERA, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court