Matter of Herbst v Palange (2021 NY Slip Op 02297)





Matter of Herbst v Palange


2021 NY Slip Op 02297


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-08626
 (Docket Nos. V-3525-07/18AK, V-3525-07/18AL, V-3525-07/18AM, V-3525-07/19AP, V-3525-07/19AQ, V-3526-07/18AJ, V-3526-07/18AK, V-3526-07/18AL, V-3526-07/19AO, V-3526-07/19AP)

[*1]In the Matter of Kenneth Herbst, appellant,
v
Dawn Palange, respondent.


Arza Rayches Feldman, Manhasset, NY (Steven A. Feldman of counsel), for appellant.
Thomas J. Butler, Melville, NY, for respondent.
Glenn Gucciardo, Northport, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Frank A. Tantone, J.), dated June 4, 2019. The order, insofar as appealed from, after a hearing, denied that branch of the father's petition which was to hold the mother in civil contempt for violating a provision of an order of the same court (Bernard Cheng, J.) dated December 9, 2016.
ORDERED that the order dated June 4, 2019, is affirmed insofar as appealed from, without costs or disbursements.
The parties, who are divorced, are the parents of two children born in 2003 and 2004. In June 2018, the father filed a petition, inter alia, to hold the mother in civil contempt for violating a provision of an order dated December 9, 2016 (hereinafter the December 2016 order), which directed her to initiate telephone contact between the father and the children every Tuesday, Thursday, and Sunday between 8:30 p.m. and 10:30 p.m. A hearing was held and both parties testified. In an order dated June 4, 2019, the Family Court, inter alia, denied that branch of the father's petition which was to hold the mother in civil contempt based upon her alleged failure to initiate telephone contact between the father and the children. The father appeals.
"A motion to punish a party for civil contempt is addressed to the sound discretion of the court, and the movant bears the burden of proving the contempt by clear and convincing evidence" (Matter of Hughes v Kameneva, 96 AD3d 845, 846; see Lugo v Torres, 174 AD3d 595, 596). "To prevail on a motion to hold another party in civil contempt, the movant is required to prove by clear and convincing evidence that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, that the order was disobeyed and the party disobeying the order had knowledge of its terms, and that the movant was prejudiced by the offending conduct" (Lugo v Torres, 174 AD3d at 596; see El-Dehdan v El-Dehdan, 26 NY3d 19, 29; Rhodes v Rhodes, 169 [*2]AD3d 841, 843). "Once the movant establishes a knowing failure to comply with a clear and unequivocal mandate, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order" (Lugo v Torres, 174 AD3d at 596; see Rhodes v Rhodes, 169 AD3d at 843).
Here, the father failed to sustain his burden because the evidence did not establish that the mother's actions with respect to the father's telephone communication with the children violated an unequivocal mandate contained in the December 2016 order (see Cook v Cook, 142 AD3d 530, 535).
Accordingly, the Family Court properly denied that branch of the father's petition which was to hold the mother in civil contempt for violating the telephone contact provision of the December 2016 order.
CHAMBERS, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court