Matter of Capruso v Kubow (2021 NY Slip Op 03453)





Matter of Capruso v Kubow


2021 NY Slip Op 03453


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2020-04329
 (Docket Nos. V-4238-15/19B, V-4239-15/19B)

[*1]In the Matter of Daniel Capruso, appellant,
v
Stephanie Kubow, respondent.


Howard Teichner, Syosset, NY, for appellant.
Sperber & Stein, LLP, Garden City, NY (Michelle S. Stein of counsel), for respondent.
Hani M. Moskowitz, Garden City, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated April 27, 2020. The order granted the mother's motion to dismiss the father's petition, which sought (1) to enforce the parental access provisions of a stipulation of settlement dated January 19, 2012, which was incorporated but not merged into the parties' judgment of divorce, and (2) to impose civil contempt sanctions against the mother for her alleged violation of those provisions of the stipulation of settlement, and dismissed the petition.
ORDERED that the appeal from so much of the order dated April 27, 2020, as granted that branch of the mother's motion which was to dismiss so much of the father's petition as sought to enforce the parental access provisions of the stipulation of settlement dated January 19, 2012, with respect to the parties' older child, and dismissed that portion of the petition, is dismissed as academic, as that child has reached the age of majority; and it is further,
ORDERED that the order dated April 27, 2020, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the mother.
The father and mother, who were married in 2000 and have two children together, were divorced by a judgment entered April 16, 2012. The judgment of divorce incorporated, but did not merge, a stipulation of settlement regarding, inter alia, custody and parental access (hereinafter the 2012 stipulation). In September 2019, the father petitioned the Family Court: (1) to enforce the parental access provisions of the 2012 stipulation which, among other things, granted the father a parental access schedule with the children, and (2) to hold the mother in contempt for her failure to abide by that schedule. The mother moved to dismiss the father's petition. In an order dated April 27, 2020, the Family Court granted the mother's motion and dismissed the petition without a hearing. The father appeals.
Since the parties' older child has reached the age of majority, he is no longer subject to the custody and parental access provisions of the 2012 stipulation (see Matter of Rodriguez v Sabbat, 185 AD3d 938, 940; Matter of Kripfgans v Kripfgans, 123 AD3d 930, 930). Accordingly, the appeal from so much of the order as granted that branch of the mother's motion which was to dismiss so much of the petition as sought to enforce the parental access provisions of the 2012 stipulation with respect to that child, and dismissed that portion of the petition, must be dismissed as academic.
The Family Court properly granted that branch of the mother's motion which was to dismiss so much of the petition as sought to enforce the parental access provisions of the 2012 stipulation which pertain to the parties' younger child. The mother demonstrated that in September 2018, the court entered an order on the consent of the parties which, among other things, suspended the father's parental access to the younger child under the 2012 stipulation pending the recommendations of a therapeutic parental access facilitator (hereinafter the September 2018 order). That therapeutic facilitator thereafter opined that contact between the younger child and the father was not recommended at that time. Since the father's petition did not seek to modify the parental access provisions in the September 2018 order, that issue was not before the court (see generally Matter of Abigail R. [Ishwardat R.], 125 AD3d 780, 781).
The Family Court also properly dismissed that branch of the father's petition which was to hold the mother in contempt. A party seeking an order holding another in contempt has the burden to "'demonstrate, by clear and convincing evidence, that the accused party violated a clear and unequivocal court order which the accused party knew was in effect, thereby prejudicing a right of another party to the litigation'" (Matter of Jean v Washington, 71 AD3d 1145, 1146, quoting Matter of Brown v Mudry, 55 AD3d 828, 828; see Matter of Chichra v Chichra, 148 AD3d 883, 885).
Here, the father failed to establish that the mother violated a clear and unequivocal court order (see Battinelli v Battinelli, 192 AD3d 957, 960; Matter of Freeborn v Elco, 188 AD3d 677, 680). In March 2019, the parties entered into a stipulation terminating the father's child support obligation which was so-ordered by the Supreme Court, Nassau County, on April 1, 2019 (hereinafter the April 2019 so-ordered stipulation). Contrary to the father's contention, the portion of the April 2019 so-ordered stipulation which provided that "[a]ll other aspects of the [2012 stipulation] shall remain in full force and effect," did not vacate the September 2018 order suspending the father's parental access and reinstate the parental access provisions of the 2012 stipulation. The April 2019 so-ordered stipulation does not refer to the September 2018 order, nor does the April 2019 so-ordered stipulation indicate that it affects or vacates any order subsequent to the 2012 stipulation regarding parental access. Moreover, since the April 2019 so-ordered stipulation was contractual in nature, the Family Court properly considered the relationship between the parties and the circumstances under which that stipulation was executed, which pertained solely to the father's application to terminate his support obligation (see Matter of Abramson v Hasson, 184 AD3d 768, 770). Since the September 2018 order suspending the father's parental access remained in effect, the father could not demonstrate that the mother violated a clear and unequivocal court order by denying his requests for access to the child.
The parties' remaining contentions, raised for the first time on appeal, are not properly before this Court (see Matter of Leonides M.M. [Melissa L.D.], 189 AD3d 1242, 1244).
RIVERA, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court