Matter of Luciano Q. (Luciano Q., Sr.) (2021 NY Slip Op 05857)





Matter of Luciano Q. (Luciano Q., Sr.)


2021 NY Slip Op 05857


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2020-04152
 (Docket No. B-15866-18)

[*1]In the Matter of Luciano Q. (Anonymous). MercyFirst, petitioner-respondent;
and
Luciano Q., Sr. (Anonymous), appellant, et al., respondent.


Louisa Floyd, Brooklyn, NY, for appellant.
Ira L. Eras, P.C., Brooklyn, NY, for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Amy Hausknecht of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of the Family Court, Queens County (Monica D. Shulman, J.), dated February 7, 2020. The order denied the father's motion to vacate an order of the same court dated January 22, 2020, which, upon his failure to appear at a fact-finding hearing, determined that he was only entitled to notice of the proceedings and that his consent to the subject child's adoption was not required pursuant to Domestic Relations Law § 111.
ORDERED that the order dated February 7, 2020, is affirmed, without costs or disbursements.
In this proceeding to terminate parental rights pursuant to Social Services Law § 384-b, the father's principal contention is that the Family Court should have vacated his default in appearing at a fact-finding hearing at which the court determined that his consent to the adoption of the subject child was not required pursuant to Domestic Relations Law § 111.
The determination of whether to relieve a party of a default is within the sound discretion of the Family Court (see Abdella v Szilesky, 177 AD3d 729, 729). "A [party] seeking to vacate an order entered upon his or her default in a termination of parental rights proceeding must establish a reasonable excuse for the default, as well as a potentially meritorious defense to the relief sought in the petition" (Matter of Johanna B. [Grace B.], 157 AD3d 668, 669; see CPLR 5015[a][1]).
Contrary to the father's contention, he failed to provide a reasonable excuse for his failure to appear. The father, who was incarcerated during much of these proceedings, alleged that the day before the hearing, he was transferred to a different prison. But he did not provide an affidavit attesting to this fact or any documentation substantiating it; he relied, instead, on an affirmation by his counsel, who had no personal knowledge of the relevant facts (see Matter of [*2]Malcome X.K. [Amber N.M.], 179 AD3d 684, 684; Matter of Nathalie D.N. [Nathaniel H.N.], 149 AD3d 750, 751). Moreover, assuming the father was transferred as alleged, he did not provide an explanation for his failure to communicate that fact to his attorney or the Family Court so that arrangements could have been made to coordinate production with his new facility (see Matter of Jazel Dominique D., 209 AD2d 410, 411; Matter of Raymond Anthony A., 192 AD2d 529, 530).
The father, who admitted that he provided no monetary support to the child while the child was in foster care, also failed to articulate a potentially meritorious defense to the Family Court's determination that his consent to the child's adoption was not required (see Matter of Ramal M., Jr. [Ramal M.], 172 AD3d 1067, 1069; Matter of D. [Juan P.-Darren M.], 164 AD3d 1237, 1237; Matter of Clarence Davion M. [Clarence M.], 124 AD3d 469, 469).
Accordingly, the Family Court providently exercised its discretion in denying the father's motion to vacate his default.
The father's remaining contention is without merit (see Matter of Amber Megan D., 54 AD3d 338, 339).
DILLON, J.P., CHRISTOPHER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court