Matter of Tedesco v Mazzara (2022 NY Slip Op 04027)

Matter of Tedesco v Mazzara

2022 NY Slip Op 04027

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2021-00315
 (Docket Nos. V-3279-12/18G/18H, V-2873-12/18G/18H)

[*1]In the Matter of Lauren Tedesco, respondent,
v
John Mazzara, appellant. (Proceeding No. 1.)
In the Matter of John Mazzara, appellant,
v
Lauren Tedesco, respondent. (Proceeding No. 2.)

Glen Gucciardo, Northport, NY, for appellant.
The Law Firm of Palumbo and Associates, P.C., Mattituck, NY (Anthony H. Palumbo of counsel), for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Kathy G. Bergmann, J.), dated December 24, 2020. The order, insofar as appealed from, after a hearing, granted the mother's petition to modify a so-ordered stipulation dated June 30, 2017, so as to award her sole custody of the parties' child and to limit the father to supervised parental access with the child, denied those branches of the father's petition which were to hold the mother in contempt for violating certain provisions of the so-ordered stipulation dated June 30, 2017, and a so-ordered stipulation dated December 13, 2017, awarded the mother sole custody of the child, and awarded the father only supervised parental access and supervised therapeutic parental access with the child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the unmarried parents of one child, born in 2011. Prior custody proceedings resulted in a so-ordered stipulation of settlement dated June 30, 2017 (hereinafter the custody and parental access stipulation), awarding the parties joint legal custody of the child, with primary physical custody to the mother and certain parental access to the father. In a subsequent so-ordered stipulation dated December 13, 2017 (hereinafter the counseling stipulation), the parties agreed, inter alia, to attend counseling with the child to address "all parenting issues between the parents and child."
In May 2018, the mother filed a petition to modify the custody and parental access [*2]stipulation so as to award her sole custody of the child and to limit the father to supervised parental access with the child. Thereafter, the father filed a petition, among other things, to hold the mother in contempt for violating certain provisions of the custody and parental access stipulation and the counseling stipulation. In an order dated December 24, 2020, made after a hearing, the Family Court, inter alia, granted the mother's petition and denied those branches of the father's petition. The father appeals.
"Modification of a court-approved stipulation setting forth the terms of custody or parental access is permissible only upon a showing that there has been a sufficient change in circumstances such that modification is necessary to ensure the best interests and welfare of the child" (Matter of Burke v Squires, 202 AD3d 784, 785; see Matter of Soper v Soper, 203 AD3d 1162, 1162-1163). "'The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances'" (Matter of Burke v Squires, 202 AD3d at 785, quoting Matter of Cabano v Petrella, 169 AD3d 901, 902). "Inasmuch as custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the hearing court's findings in this regard, and the court's findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Burke v Squires, 202 AD3d at 785 [alterations, citation, and internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 173-174).
Here, contrary to the father's contention, the Family Court's determination to award the mother sole custody of the child has a sound and substantial basis in the record, based upon evidence that the father's temper and conduct was causing the child to experience escalating levels of anxiety, as well as the father's limited insight into his behavior, and the child's wishes (see Matter of D'Amico v Corrado, 129 AD3d 718, 719). In addition, the court's determination that it was in the best interests of the child to limit the father to supervised parental access and supervised therapeutic parental access has a sound and substantial basis in the record and will not be disturbed (see Matter of Donkor v Donkor, 198 AD3d 892, 893).
"'A motion to punish a party for civil contempt is addressed to the sound discretion of the court, and the movant bears the burden of proving the contempt by clear and convincing evidence'" (Matter of Herbst v Palange, 193 AD3d 859, 860, quoting Matter of Hughes v Kameneva, 96 AD3d 845, 846; see Matter of Capruso v Kubow, 195 AD3d 614, 616). "'To prevail on a motion to hold another party in civil contempt, the movant is required to prove by clear and convincing evidence that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, that the order was disobeyed and the party disobeying the order had knowledge of its terms, and that the movant was prejudiced by the offending conduct'" (Matter of Herbst v Palange, 193 AD3d at 860, quoting Lugo v Torres, 174 AD3d 595, 596; see Matter of Capruso v Kubow, 195 AD3d at 616).
Here, the father failed to meet his burden because the evidence did not establish that the mother violated an unequivocal mandate contained in either the custody and parental access stipulation or the counseling stipulation (see Matter of Herbst v Palange, 193 AD3d at 860). Accordingly, the Family Court properly denied those branches of the father's petition which were to hold the mother in contempt.
IANNACCI, J.P., ROMAN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court