Matter of Coward v Biddle (2022 NY Slip Op 06800)

Matter of Coward v Biddle

2022 NY Slip Op 06800

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2021-03286
2022-00643
 (Docket Nos. V-15066-2016/2018E, 18J, 19M, 19N, 19O, 19P, 19Q, 20Y, 20V)

[*1]In the Matter of Lashonda Coward, appellant,
v
Anthony H. Biddle, respondent.

Law Offices of Eyal Talassazan, P.C., Garden City, NY, for appellant.
The James Firm, PLLC, Hauppauge, NY (Brian A. Picarello of counsel), for respondent.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Suffolk County (James F. Quinn, J.), dated April 14, 2021, and (2) an order of the same court dated December 8, 2021. The order dated April 14, 2021, granted the father's application for an award of attorneys' fees to the extent of directing the mother to pay attorneys' fees in the sum of $3,000 directly to the father's counsel. The order dated December 8, 2021, in effect, granted those branches of the father's counsel's motion which were to hold the mother in civil contempt for her failure to comply with the order dated April 14, 2021, and for an award of additional attorneys' fees, to the extent of finding the mother in civil contempt and directing the mother to pay attorneys' fees totaling $7,500, inclusive of the prior award of $3,000, directly to the father's counsel.
ORDERED that the orders are affirmed, without costs or disbursements.
The parties have engaged in extensive litigation since 2016 regarding the custody of their child, who was born in 2010. In August 2021, the father's counsel moved, inter alia, to hold the mother in civil contempt for her failure to comply with a prior order of the Family Court dated April 14, 2021 (hereinafter the April 2021 order), which had directed the mother to pay attorneys' fees directly to the father's counsel in the sum of $3,000. This Court denied the mother's application to stay enforcement of the April 2021 order. In an order dated December 8, 2021 (hereinafter the December 2021 order), the Family Court found the mother in civil contempt of the April 2021 order, and awarded the father's counsel additional attorneys' fees totaling $4,500. The mother appeals from both orders.
"'A motion to punish a party for civil contempt is addressed to the sound discretion of the court, and the movant bears the burden of proving the contempt by clear and convincing evidence'" (Matter of Herbst v Palange, 193 AD3d 859, 860, quoting Matter of Hughes v Kameneva, 96 AD3d 845, 846). "In order to prevail on a motion to hold another party in civil contempt, the movant is required to prove, by clear and convincing evidence, '(1) that a lawful order of the court was in effect, clearly expressing an unequivocal mandate, (2) the appearance, with [*2]reasonable certainty, that the order was disobeyed, (3) that the party to be held in contempt had knowledge of the court's order, and (4) prejudice to the right of a party to the litigation'" (Board of Mgrs. of Brightwater Towers Condominium v M. Marin Restoration, Inc., 206 AD3d 605, 607, quoting Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963, 964). "The movant need not establish that the disobedience was deliberate or willful" (Board of Mgrs. of Brightwater Towers Condominium v M. Marin Restoration, Inc., 206 AD3d at 607 [internal quotation marks omitted]). "'Once the movant establishes a knowing failure to comply with a clear and unequivocal mandate, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order'" (Board of Mgrs. of Brightwater Towers Condominium v M. Marin Restoration, Inc., 206 AD3d at 608, quoting El—Dehdan v El—Dehdan, 114 AD3d 4, 17, affd 26 NY3d 19). "Wilfulness is not an element of civil contempt, however, the party alleged to be in contempt may offer as a defense evidence of his or her inability to comply with the order or judgment" (Bauman v Bauman, 208 AD3d 624, 626).
Here, the Family Court had the authority to award attorneys' fees in the April 2021 order pursuant to Domestic Relations Law § 237(b) and Family Court Act § 651(b) (see generally Matter of Ross v Ross, 96 AD3d 856, 858; Matter of Belle v DeMilia, 19 AD3d 691). The court did not improvidently award the father's counsel attorneys' fees based upon its determination, in effect, that the mother had engaged in frivolous conduct (see 22 NYCRR 130-1.1[a]; Matter of Lebron v Lebron, 101 AD3d 1009; Matter of Miller v Miller, 96 AD3d 943). Despite the mother's contention to the contrary, a hearing with respect to the award of attorneys' fees was not necessary under the instant circumstances, since the father requested the imposition of attorneys' fees and sanctions in his motion papers (see Rhodes v Rhodes, 169 AD3d 841, 844; Matter of Ruth S. [Sharon S.], 125 AD3d 978, 980; Dellafiora v Dellafiora, 172 AD2d 715). Additionally, contrary to the mother's contention, the submissions made by the father's counsel evidenced substantial compliance with 22 NYCRR 1400.2 and 1400.3 with respect to her billing practices (see Matter of Tarpey v Tarpey, 163 AD3d 687, 688-689; Gottlieb v Gottlieb, 101 AD3d 678, 679; Gahagan v Gahagan, 51 AD3d 863, 864).
The evidence adduced by the mother failed to substantiate her claim that she is unable to comply with the April 2021 order or the December 2021 order due to an inability to pay (see Lugo v Torres, 174 AD3d 595, 596-597; see also Nederlander v Nederlander, 102 AD3d 416, 417-418). Indeed, as the Family Court, in effect, found, the mother appears to have significant financial resources from family members and her fiancé, who have paid for the mother's living expenses and various vacations (see Matter of Weiss v Rosenthal, 195 AD3d 730, 732; Lugo v Torres, 174 AD3d at 596-597).
Accordingly, we affirm both orders appealed from.
DILLON, J.P., CHRISTOPHER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court