Matter of Ainsley v Parke (2023 NY Slip Op 01993)

Matter of Ainsley v Parke

2023 NY Slip Op 01993

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2022-02471
2022-02473
 (Docket Nos. V-1873-16/21A, V-2298-16/21A)

[*1]In the Matter of Jermain Ainsley, appellant, 
v
Lisa M. Parke, respondent.

Kyle Sosebee, Brooklyn, NY, for appellant.
Austin I. Idehen, Jamaica, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Louise Feld and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from (1) an amended order of the Family Court, Kings County (Michele Titus, J.), dated April 11, 2022, and (2) an order of the same court (Nisha Menon, Ct. Atty. Ref.) dated April 13, 2022. The amended order, after a hearing, denied the father's motion to hold the mother in civil contempt for violating a certain provision of a temporary order of parental access of the same court (Nisha Menon, Ct. Atty. Ref.) dated December 17, 2020. The order, upon the amended order, dismissed the father's petition to enforce the subject provision of the temporary order of parental access.
ORDERED that the amended order and the order are affirmed, without costs or disbursements.
The parties are the parents of a child born in 2009. On February 19, 2021, the father commenced a proceeding to enforce a provision of a temporary order of parental access dated December 17, 2020 (hereinafter the December 2020 order), permitting the father to have a video call with the child once a week on Sunday at 4:00 p.m. and directing the mother to provide the father with a video link by 2:00 p.m. on Sunday. The father alleged that the mother failed to provide him with the requisite video link on January 10, 17, and 24, and February 7 and 14, 2021. The father separately moved to hold the mother in contempt for violating the subject provision of the December 2020 order. After a hearing, at which both parties testified, the Family Court denied the father's motion to hold the mother in civil contempt and dismissed the father's petition. The father appeals.
A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court (see Cassarino v Cassarino, 149 AD3d 689, 690). To prevail on a motion to hold a party in civil contempt pursuant to Judiciary Law § 753(A)(3), the movant is required to prove by clear and convincing evidence that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, that the order was disobeyed and the party disobeying the order had knowledge of its terms, and that the movant was prejudiced by the offending conduct (see id.; El-Dehdan v El-Dehdan, 26 NY3d 19, 29; Matter of Herbst v Palange, 193 AD3d 859, 859). [*2]Prejudice is shown where the party's actions "were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party" (Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963, 964 [internal quotation marks omitted]; see Matter of Figueroa-Rolon v Torres, 121 AD3d 684, 685). In order for contempt sanctions to be imposed pursuant to Judiciary Law § 753(A), willfulness need not be shown (see El-Dehdan v El-Dehdan, 26 NY3d at 33-35). Once the movant makes the required showing, the burden shifts to the alleged contemnor to refute that showing or to offer evidence of a defense, such as an inability to comply with the order (see id. at 35; Matter of Coward v Biddle, 210 AD3d 1083, 1083-1084).
Here, the father failed to sustain his burden because the evidence at the hearing did not establish that the mother's actions with respect to the father's video calls with the child violated an unequivocal mandate contained in the December 2020 order (see Matter of Herbst v Palange, 193 AD3d at 859; Cook v Cook, 142 AD3d 530, 535). Accordingly, the Family Court properly denied the father's motion to hold the mother in civil contempt for violating the subject provision of the December 2020 order. Likewise, the court properly dismissed the father's enforcement petition.
BARROS, J.P., IANNACCI, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court