Matter of Capruso v Kubow (2024 NY Slip Op 01809)

Matter of Capruso v Kubow

2024 NY Slip Op 01809

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2023-04209
2023-04210
 (Docket No. V-4239-15/22E)

[*1]In the Matter of Daniel Capruso, appellant,
v
Stephanie Kubow, respondent.

Gemelli Gross Shapiro & Marino, Forest Hills, NY (Howard R. Teichner of counsel), for appellant.
Sperber, Hoffman, Stein & Scampoli, LLP, Garden City, NY (Michelle S. Stein of counsel), for respondent.
Hani M. Moskowitz, Garden City, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated March 28, 2023, and (2) an order of the same court dated March 31, 2023. The order dated March 28, 2023, insofar as appealed from, denied that branch of the father's motion which was to vacate an order of the same court dated September 24, 2018, and to enforce the parental access provisions in the parties' judgment of divorce, which incorporated but did not merge the parties' stipulation of settlement dated January 19, 2012, as to the parties' younger child, and granted those branches of the mother's cross-motion which were to enjoin the father from filing additional petitions, motions, or orders to show cause or, in effect, from commencing any further proceedings related to custody or parental access without leave of court, and for an award of counsel fees. The order dated March 31, 2023, enjoined the father from filing any further petitions, inter alia, to modify custody or parental access without leave of court.
ORDERED that the order dated March 28, 2023, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated March 31, 2023, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the mother.
The underlying facts are summarized in our decision and order determining a prior appeal in a related proceeding (see Matter of Capruso v Kubow, 195 AD3d 614). In the prior appeal, this Court determined, among other things, that the Family Court properly granted that branch of the mother's motion which was to dismiss so much of the petition that the father filed in September 2019 as sought to enforce the parental access provisions of the parties' judgment of divorce, which incorporated but did not merge the parties' stipulation of settlement dated January 19, 2012 (hereinafter the 2012 stipulation), as to the parties' younger child. This was because the mother [*2]demonstrated that the Family Court had entered an order in September 2018 (hereinafter the 2018 order), upon the consent of the parties, which, inter alia, suspended the father's parental access with the younger child under the judgment of divorce pending the recommendations of a therapeutic parental access facilitator, and the therapeutic parental access facilitator did not recommend contact between the younger child and the father at that time (see id. at 615).
In February 2019, the father moved in the Supreme Court, inter alia, to modify the judgment of divorce so as to terminate his child support obligations. In April 2019, the court issued an order, upon the consent of the parties, which, among other things, terminated the father's child support obligations, but stated that the remaining terms of the 2012 stipulation "remain[ed] in full force and effect."
In March 2020, the father filed a petition in the Family Court to vacate the 2018 order on the ground that the Supreme Court's order terminating his child support obligations "should have terminated" the 2018 order. In an order dated October 14, 2020, the Family Court stated that the 2018 order remained in full force and effect and, inter alia, granted that branch of the mother's motion which was to dismiss the father's petition.
In December 2021, the father filed a postjudgment motion in the Supreme Court, inter alia, for a judgment declaring that the judgment of divorce remained in full force and effect except as to the father's child support obligations and to enforce the parental access provisions of the judgment of divorce as to the younger child. In an order dated September 28, 2022, the court, among other things, denied that branch of the father's motion which was to enforce the parental access provisions of the judgment of divorce as to the younger child.
Thereafter, the father moved in the Family Court, inter alia, to vacate the 2018 order and to enforce the parental access provisions in the judgment of divorce as to the younger child. The mother opposed the father's motion and cross-moved, among other things, to enjoin the father from filing additional petitions, motions, or orders to show cause or, in effect, from commencing any further proceedings related to custody or parental access without leave of court, and for an award of counsel fees. In an affirmation of counsel submitted in opposition to the father's motion and in support of the mother's cross-motion, the attorney for the child stated that the younger child, who was then 16 years old, did not want any contact with the father. In an order dated March 28, 2023, the court, among other things, denied that branch of the father's motion and granted those branches of the mother's cross-motion. In an order dated March 31, 2023, the court enjoined the father from filing any further petitions, inter alia, to modify custody or parental access relating to the younger child without leave of court. The father appeals.
The Family Court is a court of limited jurisdiction and may only exert the "powers granted to it by the State Constitution or by statute" (Matter of H.M. v E.T., 14 NY3d 521, 526; see NY Const, art VI, § 13; Matter of Lisa T. v King E.T., 30 NY3d 548, 551). Here, the Family Court had authority to determine the father's motion only insofar as it sought to enforce or modify the 2018 order relating to parental access to the younger child (see Family Ct Act § 652[b]).
"While it is true that child custody orders are generally not given res judicata effect because they are subject to modification, in determining whether there is an appropriate predicate for modification, a primary consideration is whether there has been a change in circumstances since the order sought to be modified was made" (Matter of Newton v McFarlane, 174 AD3d 67, 78 [citation omitted]; see Matter of Hugee v Gadsden, 172 AD3d 863, 865). "On the other hand, a disappointed litigant may not file successive custody modification petitions alleging only the same operative facts" (Matter of Hugee v Gadsden, 172 AD3d at 865). "When parents enter into an agreement concerning custody [or parental access], it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the child" (Trimarco v Trimarco, 154 AD3d 792, 793 [internal quotation marks omitted]; see Cohen v Cohen, 170 AD3d 948, 949).
Here, the record demonstrates that the father advocated for the appointment of the [*3]therapeutic parental access facilitator and that he knowingly and voluntarily agreed to the entry of the 2018 order, which, among other things, suspended his parental access with the younger child under the judgment of divorce pending the recommendations of a therapeutic parental access facilitator. Contrary to the father's contention, his after-the-fact dissatisfaction with the terms of the 2018 order because the younger child refused to cooperate with therapeutic parental access and the therapeutic parental access facilitator recommended against contact between the father and the younger child was not a basis to vacate the 2018 order (see Johnson v Ranger, 216 AD3d 925, 926; Cohen v Cohen, 170 AD3d at 949).
The father mischaracterizes the 2018 order as "indefinite[ly] suspen[ding]" and "de facto terminat[ing]" his parental rights without a hearing and without his consent. Pursuant to Family Court Act § 652(b)(ii), the father could seek to modify the 2018 order by demonstrating "a subsequent change of circumstances and [that] modification [was] required." Because the father did not satisfy this burden, the Family Court properly denied the subject branch of the father's motion. Contrary to the father's contention, he was not entitled to a hearing simply because he sought to modify the parental access provisions of the 2018 order (see Matter of Newton v McFarlane, 174 AD3d at 76). "Entitlement to a hearing on a modification petition, however, is not automatic; the petitioning parent must make a threshold evidentiary showing of a change in circumstances demonstrating a need for modification in order to insure the child's best interests" (Matter of Wagner v Del Valle, 221 AD3d 1017, 1017-1018 [internal quotation marks omitted]). Under the circumstances of this case, the recommendation of the therapeutic parental access facilitator was not, standing alone, a change in circumstances demonstrating a need for modification in order to insure the child's best interests (see id. at 1017-1018; Matter of Pierce v Caputo, 214 AD3d 877, 878).
"While public policy generally mandates free access to the courts, a party may forfeit that right if she or he abuses the judicial process by engaging in meritless litigation motivated by spite or ill will" (Matter of Pavic v Djokic, 152 AD3d 696, 697 [citations omitted]). Here, the record reflects that after the father was unsuccessful in his prior appeal to this Court (see Matter of Capruso v Kubow, 195 AD3d 614), he filed multiple motions in the Family Court and the Supreme Court, seeking again to enforce the parental access provisions of the judgment of divorce and to modify the 2018 order. Under the circumstances, the record supports the Family Court's determination to enjoin the father from filing additional petitions, motions, or orders to show cause or, in effect, from commencing any further proceedings related to custody or parental access without leave of court (see Matter of Molinari v Tuthill, 59 AD3d 722, 723).
The Family Court had the authority to award counsel fees to the mother pursuant to Family Court Act § 651(b) and Domestic Relations Law § 237(b) (see Matter of Coward v Biddle, 210 AD3d 1083, 1084). The court providently exercised its discretion in awarding counsel fees to the mother (see id. at 1084).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
IANNACCI, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court