Capruso v Capruso (2025 NY Slip Op 06597)

Capruso v Capruso

2025 NY Slip Op 06597

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2022-10092
 (Index No. 202191/10)

[*1]Daniel Capruso, appellant,
v
Stephanie Capruso, respondent.

Gemelli Gross Shapiro & Marino, Forest Hills, NY (Mark I. Plaine and Howard R. Teichner of counsel), for appellant.
Sperber, Hoffman, Stein & Scampoli, LLP, Garden City, NY (Michelle S. Stein of counsel), for respondent.
Diaz & Moskowitz, PLLC, Garden City, NY (Hani N. Moskowitz of counsel), attorney for the child.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered April 16, 2012, which incorporated but did not merge the parties' stipulation of settlement dated January 19, 2012, the plaintiff appeals from an order of the Supreme Court, Nassau County (Joseph H. Lorintz, J.), dated September 28, 2022. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to enforce the parental access provisions of the parties' judgment of divorce as to the parties' younger child and granted that branch of the defendant's cross-motion which was for an award of counsel fees to the extent of awarding the defendant counsel fees in the sum of $5,000.
ORDERED that the appeal from so much of the order as denied that branch of the plaintiff's motion which was to enforce the parental access provisions of the parties' judgment of divorce as to the parties' younger child is dismissed as academic; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that on the Court's own motion, the parties to the appeal are directed to show cause before this Court why an order should or should not be made and entered imposing sanctions and/or costs, if any, including appellate counsel fees, upon the plaintiff and/or the plaintiff's counsel, Gemelli Gross Shapiro & Marino, pursuant to 22 NYCRR 130-1.1(c) as this Court may deem appropriate as to the issue raised by the plaintiff on the appeal from the order with respect to the parties' younger child, by uploading an affirmation or affidavit on that issue, with proof of service thereof, to NYSCEF, on or before December 26, 2025; and it is further,
ORDERED that the Clerk of this Court, or his designee, is directed to serve a copy of this order to show cause upon the parties to this appeal, via upload to NYSCEF; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The underlying facts are summarized in our decisions and orders determining two prior appeals involving the parties (see Matter of Capruso v Kubow, 226 AD3d 680; Matter of Capruso v Kubow, 195 AD3d 614). The parties are the divorced parents of, among others, a child born in September 2006 (hereinafter the child). The judgment of divorce incorporated but did not merge a stipulation of settlement that provided for, inter alia, custody and parental access. In the prior appeals, this Court determined, among other things, that the Family Court had properly determined that the plaintiff's parental access with the child had been suspended by a Family Court order entered in September 2018, which remained in full force and effect (see Matter of Capruso v Kubow, 226 AD3d at 683; Matter of Capruso v Kubow, 195 AD3d at 616).
In December 2021, the plaintiff filed a postjudgment motion in the Supreme Court, inter alia, to enforce the parental access provisions of the judgment of divorce as to the child. The defendant cross-moved, among other things, for an award of counsel fees. In an order dated September 28, 2022, the court, inter alia, denied that branch of the plaintiff's motion which was to enforce the parental access provisions of the judgment of divorce as to the child as barred by the doctrines of res judicata and collateral estoppel and granted that branch of the defendant's cross-motion which was for an award of counsel fees to the extent of awarding the defendant counsel fees in the sum of $5,000. The plaintiff appeals.
The appeal from so much of the order as denied that branch of the plaintiff's motion which was to enforce the parental access provisions of the judgment of divorce as to the child must be dismissed as academic, as the child has attained the age of majority and, therefore, may no longer be the subject of a parental access order (see Matter of Shepherd v Mirukaj, 235 AD3d 769, 770; Matter of Kushner v Askinazi, 209 AD3d 735, 736; Matter of Rodriguez v Sabbat, 185 AD3d 938, 940).
In Matter of Capruso v Kubow (226 AD3d 680), this Court already determined that the plaintiff was not entitled to enforcement of the parental access provisions of the judgment of divorce as to the child (see L.T. Motors Auto Sales, Inc. v Kaplon-Belo Assoc., Inc., 230 AD3d 1309, 1312). Thus, that branch of the plaintiff's motion which was to enforce the parental access provisions of the judgment of divorce as to the child was frivolous, and the Supreme Court did not improvidently exercise its discretion in granting that branch of the defendant's cross-motion which was for an award of counsel fees to the extent of awarding the defendant counsel fees in the sum of $5,000 (see 22 NYCRR 130-1.1[a]; Finley v Finley, 233 AD3d 654, 656).
Moreover, although the plaintiff's counsel conceded in an email to this Court that so much of the appeal as concerned the plaintiff's parental access with the child became academic once the child turned 18, it does not appear that the plaintiff or his counsel undertook any efforts to withdraw that portion of the appeal in order to conserve this Court's time and resources. The plaintiff's conduct in pursuing the instant appeal and during such appeal "appears to be completely without merit in law or fact and unsupported by a reasonable argument for an extension, modification, or reversal of existing law, or undertaken primarily to delay or prolong the resolution of litigation" (U.S. Bank N.A. v Tait, 234 AD3d 889, 892 [internal quotation marks omitted]), and since the plaintiff has created unnecessary litigation by repeatedly raising these arguments before the Supreme Court, the Family Court, and this Court, this appeal appears to be frivolous within the meaning of 22 NYCRR 130-1.1 and the imposition of sanctions may be appropriate (see Curet v DeKalb Realty, LLC, 127 AD3d 916, 917). Consequently, we direct the submission of affirmations or affidavits on the issue of whether, and in what amount, costs or sanctions in connection with the appeal should or should not be imposed upon the plaintiff and/or the plaintiff's counsel pursuant to 22 NYCRR 130-1.1 in order to deter them from such conduct in the future (see Rahman v Desch, 236 AD3d 689, 690; U.S. Bank N.A. v Tait, 234 AD3d at 889; East Coast Athletic Club, Inc. v Chicago Tit. Ins. Co., 39 AD3d 461).
GENOVESI, J.P., WARHIT, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court