■ Joseph Casavecchia, Sr., Respondent, v William W. Mizrahi et al., Appellants. [869 NYS2d 604]—

To sustain a finding of civil contempt, a court must find that the alleged contemnor violated a lawful order of the court, clearly expressing an unequivocal mandate, of which that party had knowledge, and that as a result of the violation a right of a party to the litigation was prejudiced (*see* Judiciary Law § 753 [A] [3]; *McCain v Dinkins*, 84 NY2d 216, 226 [1994]; *Kalish v Lindsay*, 47 AD3d 889 [2008]; *Giano v Ioannou*, 41 AD3d 427 [2007]). "[I]t is not necessary that the disobedience be deliberate or willful; rather, the mere act of disobedience, regardless of its motive, is sufficient if such disobedience defeats, impairs, impedes or prejudices the rights of a party" (*Hinkson v Daughtry-Hinkson*, 31 AD3d 608, 608 [2006] [internal quotation marks and citations omitted]).

Here, the record reveals that the defendant William W. Mizrahi was aware of the clear and unequivocal terms of three

orders previously issued by the Supreme Court, and violated them, and that such conduct defeated, impaired, impeded, or prejudiced the plaintiff's rights or remedies. Contrary to Mizrahi's contention, he failed to raise a factual issue warranting a hearing (*see Incorporated Vil. of Plandome Manor v Ioannou,* 54 AD3d 365 [2008]).

Despite the clear and unequivocal mandates of the court, of which Mizrahi was aware, he nonetheless continued to violate them, as if the court's orders did not exist. His actions can be interpreted in no other way than as willful and thus support the finding of criminal contempt as well (*see Soho Alliance v World Farm,* 300 AD2d 22 [2002]).

Mizrahi's remaining contentions are without merit. Spolzino, J.P., Florio, McCarthy and Dickerson, JJ., concur. [*See* 2007 NY Slip Op 32914(U).]