■ BAIS YOEL OHEL FEIGE et al., Appellants, v CONGREGATION YETEV LEV D'SATMAR OF KIRYAS JOEL, INC., Respondent. [910 NYS2d 174]—

In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property, the plaintiffs appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Orange County (Owen, J.), dated November 30, 2009, which, among other things, granted that branch of the defendants' motion which was to hold the plaintiffs in civil contempt for violating a judgment of the same court entered February 14, 2008, as modified by a decision and order of this Court dated September 22, 2009, and thereupon, inter alia, imposed a fine in the sum of $250.

Ordered that the order is affirmed insofar as appealed from, with costs.

"A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court" (*Chambers v Old Stone Hill Rd. Assoc.*, 66 AD3d 944, 946 [2009]; *see Educational Reading Aids Corp. v Young*, 175 AD2d 152 [1991]). In order to prevail on such a motion, the moving party must demonstrate that the party charged with contempt violated a clear and unequivocal mandate of the court, thereby prejudicing the moving party's rights (*see McCain v Dinkins*, 84 NY2d 216, 226 [1994]; *Chambers v Old Stone Hill Rd. Assoc.*, 66 AD3d 944 [2009]; *Matter of Rothschild v Edwards*, 63 AD3d 744, 745 [2009]; *Galanos v Galanos*, 46 AD3d 507, 508 [2007]; *Rienzi v Rienzi*, 23 AD3d 447, 448 [2005]). The mere act of disobedience, regardless of the motive, is sufficient to sustain a finding of civil contempt if it defeats, impairs, impedes, or prejudices a party's rights (*see Goldsmith v Goldsmith*, 261 AD2d 576 [1999]; *Cannizzaro v Cannizzaro*, 186 AD2d 776 [1992]).

Here, the Supreme Court properly held the plaintiffs in contempt for violating the judgment entered February 14, 2008, as modified by the decision and order of this Court dated September 22, 2009 (*see Bais Yoel Ohel Feige v Congregation Yetev Lev D'Satmar of Kiryas Joel*, 65 AD3d 1176 [2009]). The judgment declared that the plaintiffs' property was being used as a nonconforming, unlawful house of worship, subject to the

site plan review provisions of the Code of the Village of Kiryas Joel, and enjoined the plaintiffs from continuing such use pending an appropriate municipal application and determination (*see id.*). On the instant motion, the defendants established that the plaintiffs continued to use the subject premises as a house of worship despite not having obtained site plan review from the Village of Kiryas Joel Planning Board, thereby prejudicing the rights of the defendants. Moreover, since the plaintiffs admit to such continued use of their property, no factual dispute existed as to the plaintiffs' conduct that was unresolvable from the papers on the motion and, therefore, a hearing was not warranted (*see Matter of Brown v Mudry*, 55 AD3d 828, 829 [2008]; *Jaffe v Jaffe*, 44 AD3d 825, 826 [2007]).

The plaintiffs' remaining contention is not properly before this Court. Skelos, J.P., Dickerson, Eng and Lott, JJ., concur.