■ In the Matter of JENNIFER PHILIE, Respondent, v MICHAEL SINGER, Appellant. [913 NYS2d 745]—

In a visitation proceeding pursuant to Family Court article 6, the father appeals from an order of the Family Court, Suffolk County (Lynaugh, J.), dated March 1, 2010, which, after a hearing, granted the mother's petition to hold him in civil contempt for violating a visitation order of the same court dated January 5, 2006, and a corrected visitation order of the same court dated February 2, 2009, and directed that he be incarcerated for 60 days, which directive was suspended for one year on the condition that the father complies with all orders issued by the Family Court.

Ordered that the order dated March 1, 2010, is affirmed, with costs.

" 'A motion to punish a party for civil contempt is addressed to the sound discretion of the [hearing] court' " (*Bais Yoel Ohel Feige v Congregation Yetev Lev D'Satmar of Kiryas Joel, Inc.*, 78 AD3d 626, — [2d Dept 2010], quoting *Chambers v Old Stone Hill Rd. Assoc.*, 66 AD3d 944, 946 [2009]). To sustain a finding of civil contempt, a court must find that the alleged contemnor violated a lawful order which clearly expressed an unequivocal mandate, and that, as a result of the violation, a right or remedy of a party to the litigation was prejudiced (*see* Judiciary Law § 753 [A] [3]; *McCain v Dinkins*, 84 NY2d 216 [1994]; *Astrada v Archer*, 71 AD3d 803 [2010]; *Matter of Kraemer v Strand-O'Shea*, 66 AD3d 901 [2009]; *Casavecchia v Mizrahi*, 57 AD3d 702 [2008]). The party moving for such relief must establish contempt by clear and convincing evidence (*see Matter of Kraemer v Strand-O'Shea*, 66 AD3d 901 [2009]; *Rienzi v Rienzi*, 23 AD3d 447, 449 [2005]). It is not necessary that the disobedience be deliberate or willful; rather, the mere act of disobedience, regardless of its motive, is sufficient if such disobedience defeats, impairs, impedes, or prejudices the rights or remedies of a party (*see Bais Yoel Ohel Feige v Congregation Yetev Lev D'Satmar of Kiryas Joel*, 78 AD3d 626, —, 2010 NY Slip Op 07875, *1 [2010]; *Astrada v Archer*, 71 AD3d 803 [2010]; *Casavecchia v Mizrahi*, 57 AD3d 702 [2008]).

Here, the Family Court providently granted the mother's petition to hold the father in civil contempt since the father received notice, as of January 14, 2009, that the mother scheduled a vacation with the child, to commence on Monday, February 16, 2009. The father was also advised that the mother had booked a flight for herself and the child, which was scheduled to depart at 6:59 P.M. on that date. Despite this notice and the Family Court's issuance of a corrected order, dated February 2, 2009, which clarified that the mother was entitled to four weeks vacation with the child at any time during the calendar year, as opposed to four weeks limited to summer vacation, the father willfully failed and refused to return the child to the mother on Sunday, February 15, 2009, and did not do so until Monday afternoon, causing the mother to delay her flight plans until February 17, 2009. The father's conduct in this regard prejudiced the mother's right to her properly designated vacation time with the child, which took precedence over any scheduled visitation time with the father. The father was aware of the clear and unequivocal terms of the several orders issued by the Family Court that addressed vacation time and visitation

time, but nonetheless violated them. The Family Court providently determined that such conduct did defeat, impair, impede, and prejudice the mother's rights and remedies.

The father's remaining contentions are without merit. Rivera, J.P., Florio, Belen and Austin, JJ., concur.