■ In the Matter of GARETH HUGHES, Respondent, v ALEKSANDRA KAMENEVA, Appellant. [946 NYS2d 211]—

In a proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (O'Shea, J.), dated April 12, 2011, as, after a hearing, granted those branches of the father's motion which were to adjudicate her in contempt for violating certain provisions in the parties' so-ordered custody stipulation dated November 23, 2004, and for violating prior orders of the same court dated March 19, 2008, and July 24, 2008, and, in effect, for an award of an attorney's fee. By decision and order on motion dated June 24, 2011, this Court stayed enforcement of the order dated April 12, 2011, pending hearing and determination of the appeal.

Ordered that the order dated April 12, 2011, is modified, on

the facts and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the father's motion which was to adjudicate the mother in contempt for violating certain provisions of the parties' so-ordered custody stipulation, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof granting that branch of the father's motion which was, in effect, for an award of an attorney's fee, and substituting therefor a provision denying that branch of the motion; as so modified, the order dated April 12, 2011, is affirmed insofar as appealed from, without costs or disbursements.

A motion to punish a party for civil contempt is addressed to the sound discretion of the court, and the movant bears the burden of proving the contempt by clear and convincing evidence (*see Chambers v Old Stone Hill Rd. Assoc.*, 66 AD3d 944, 946 [2009]; *Rienzi v Rienzi*, 23 AD3d 447, 449 [2005]). "To sustain a finding of civil contempt, a court must find that the alleged contemnor violated a lawful order which clearly expressed an unequivocal mandate, and that, as a result of the violation, a right or remedy of a party to the litigation was prejudiced" (*Matter of Philie v Singer*, 79 AD3d 1041, 1042 [2010]; *see* Judiciary Law § 753 [A] [3]; *McCain v Dinkins*, 84 NY2d 216, 226 [1994]). Here, the evidence did not establish that the mother's actions with respect to having the child undergo certain medical procedures was a violation of an unequivocal mandate contained in the parties' stipulation (*see Matter of Kinney v Simonds*, 276 AD2d 882, 884 [2000]; *Matter of Nelson v Nelson*, 194 AD2d 828, 831 [1993]). Consequently, the Family Court should not have held the mother in contempt with respect to that medical treatment, and should not have awarded the father an attorney's fee based on that holding. The evidence was sufficient, however, to establish the elements of contempt with respect to the mother's failure to reimburse the father for money expended toward a forensic evaluation, which was in violation of the orders dated Match 19, 2008, and July 24, 2008 (*see Matter of Philie v Singer*, 79 AD3d at 1042-1043; *Matter of Jules v Corriette*, 55 AD3d 732 [2008]).

The mother's remaining contention is without merit. Skelos, J.P., Balkin, Leventhal and Roman, JJ., concur.