■ EDWARD F. CAMPBELL, SR., Plaintiff, and LUCY A. CAMPBELL, Respondent, v EDWARD F. CAMPBELL, JR., et al., Appellants. [966 NYS2d 916]—

In an action, inter alia, to set aside a deed conveying certain real property on the ground of undue influence and for a judgment declaring the deed invalid, the defendants appeal from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated November 17, 2011, which granted the motion of the plaintiff Lucy A. Campbell to hold the defendants in civil and criminal contempt for failure to comply with a provision of a judgment of the same court dated April 20, 2006, and denied their cross motion for recusal.

Ordered that the order is modified, on the facts, by deleting the provision thereof granting that branch of the motion of the plaintiff Lucy A. Campbell which was to hold the defendants in criminal contempt, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff Lucy A. Campbell.

Contrary to the defendants' contentions, there was no express violation of Judiciary Law § 14, and the Supreme Court did not improvidently exercise its discretion in declining to recuse itself (*see People v Moreno*, 70 NY2d 403, 405-406 [1987]; *D'Andraia v Pesce*, 103 AD3d 770 [2013]; *Ashmore v Ashmore*, 92 AD3d 817 [2012]).

Additionally, a hearing on the contempt motion was not mandated, as no relevant factual issues were in dispute (*see Bais Yoel Ohel Feige v Congregation Yetev Lev D'Satmar of Kiryas Joel, Inc.*, 78 AD3d 626 [2010]; *Casavecchia v Mizrahi*, 57 AD3d 702 [2008]; *Matter of Brown v Mudry*, 55 AD3d 828 [2008]; *Jaffe v Jaffe*, 44 AD3d 825, 826 [2007]).

Here, the record demonstrates by clear and convincing evidence that the defendants failed to pay the mortgage on the premises, in violation of both a judgment of the Supreme Court dated April 20, 2006, and an order of that court dated July 17, 2009. The defendants' violation of known and unequivocal court mandates impeded, impaired, and prejudiced the rights of the plaintiff Lucy A. Campbell, warranting a finding of civil contempt under CPLR 5104 (*see Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983]; *Matter of King v King*, 249 AD2d 395 [1998]). The record contains no enforceable order relieving the defendants of those obligations. However, the Supreme Court erred in finding that the same conduct of the defendants constituted criminal contempt, as the necessary element of willfulness was not established beyond a reasonable doubt (*see* Judiciary Law § 750 [A] [3]; *Matter of McCormick v Axelrod*, 59 NY2d at

583; *Troiano v Ilaria,* 205 AD2d 752, 753 [1994]). Mastro, J.P., Dillon, Dickerson and Austin, JJ., concur.