In a matrimonial action in which the parties were divorced by judgment entered October 22, 2009, which incorporated, but did not merge, the terms of the parties’ stipulations of settlement dated November 18, 2008, and June 22, 2009, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Bivona, J.), dated March 15, 2012, as denied, without a hearing, that branch of her motion which was pursuant to Judiciary Law § 756 to hold the defendant in civil contempt of the judgment of divorce and the parties’ stipulation of settlement dated June 22, 2009, and denied, with leave to renew, that branch of the same motion which was for an award of an attorney’s fee in the sum of $5,000.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff contends that the Supreme Court improvidently exercised its discretion in denying that branch of her motion which was pursuant to Judiciary Law § 756 to hold the defendant in civil contempt of a judgment of divorce entered October 22, 2009, and the parties’ stipulation of settlement dated June 22, 2009, relating to financial issues. Specifically, she alleges that the defendant violated article XII (2) of the subject stipulation when, subsequent to the divorce, he increased the balance of an outstanding home equity line of credit (hereinafter HELOC) on the former marital residence, which was in both of their names. Pursuant to that provision, the defendant agreed that he “shall not incur or cause to be incurred any debt or li *649 ability . . . upon the credit of the [plaintiff] for which the [plaintiff] . . . may be or become liable.” The defendant further agreed to hold the plaintiff harmless and to indemnify her against any such debts, liabilities, and obligations incurred by him for his benefit, including any reasonable attorneys’ fees which may be incurred by the plaintiff in connection with any breach by the defendant of this provision. The plaintiff also contends that the Supreme Court improvidently exercised its discretion in denying, with leave to renew, that branch of her motion which was for an award of an attorney’s fee in the sum of $5,000, an expense incurred by her because of the defendant’s alleged breach in connection with the HELOC.
At the time the parties entered into the subject stipulation, they acknowledged that the outstanding balance of the HELOC was approximately $25,000. After the plaintiff made a prior motion, inter alia, to hold the defendant in civil contempt of the judgment of divorce and the subject stipulation, she learned that the defendant had increased the outstanding balance of the HELOC to $750,000 when he disclosed this fact in his affidavit in opposition to her motion. The plaintiffs motion was denied, and this Court affirmed that determination, concluding that the defendant had no obligation, under the terms of the subject stipulation, to close the HELOC or remove her name from it (see Penavic v Penavic, 88 AD3d 671, 672-673 [2011]). Thereafter, the plaintiff moved, inter alia, to hold the defendant in civil contempt of the judgment of divorce and subject stipulation due to his increase in the balance of the HELOC, which was determined in the order appealed from.
“A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court” (Chambers v Old Stone Hill Rd. Assoc., 66 AD3d 944, 946 [2009]; see Matter of Hughes v Kameneva, 96 AD3d 845, 846 [2012]; Matter of Philie v Singer, 79 AD3d 1041, 1042 [2010]). “Civil contempt ‘has as its aim the vindication of a private party to litigation[,]’ and includes as its elements knowledge of the order and prejudice to the rights of a party to the litigation” (Dalessio v Kressler, 6 AD3d 57, 65 [2004], quoting McCain v Dinkins, 84 NY2d 216, 226 [1994]; see Matter of Rubackin v Rubackin, 62 AD3d 11, 18 [2009]). Thus, “[a]ny penalty imposed is designed not to punish but, rather, to compensate the injured private party or to coerce compliance with the court’s mandate or both” (Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y, 70 NY2d 233, 239 [1987]; see Town Bd. of Town of Southampton v R.K.B. Realty, LLC, 91 AD3d 628, 630-631 [2012]). The movant has the burden of proving the *650 contempt by clear and convincing evidence (see Matter of Philie v Singer, 79 AD3d at 1042; Chambers v Old Stone Hill Rd. Assoc., 66 AD3d at 946; Matter of Rothschild v Edwards, 63 AD3d 744, 745 [2009]; Galanos v Galanos, 46 AD3d 507, 508 [2007]; Vujovic v Vujovic, 16 AD3d 490, 491 [2005]).
Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs motion which was to hold the defendant in civil contempt, since she failed to prove by clear and convincing evidence that the defendant’s violation of the subject stipulation prejudiced her. During the pendency of the subject motion, the defendant paid $725,000 on the HELOC, thereby reducing the balance to what it had been when the parties entered into the subject stipulation. In addition, the plaintiff acknowledges that the defendant’s ability to use the HELOC had been suspended and that she may be able to secure her own credit. Further, the letter the plaintiff submitted from another bank indicating that she had been conditionally approved for a line of credit on her own home on the condition that the HELOC was closed did not demonstrate that the plaintiffs application for credit was declined due to the outstanding amount owed on the HELOC.
The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs motion which was for an attorney’s fee in the sum of $5,000 with leave to renew upon the submission of proper papers (cf. Garcia v Garcia, 104 AD3d 806 [2013]). Dillon, J.E, Chambers, Austin and Hinds-Radix, JJ., concur.