■ Maria Volkerick, Respondent, v Lawrence Volkerick, Appellant. [60 NYS3d 335]—

Appeal from a judgment of the Supreme Court, Nassau County (Norman Janowitz, J.), entered November 19, 2015. The judgment, insofar as appealed from, upon a decision of that court dated February 23, 2012, awarded maintenance to the plaintiff in the sum of $1,500 per month for a period of four years and directed the defendant to pay the sum of $248.41 per week in child support to the plaintiff.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The parties were married in 1991, and have two children. The plaintiff commenced this action for a divorce an ancillary relief on July 10, 2009, and, on May 3, 2011, the parties executed a custody and visitation stipulation in which they agreed to joint legal custody of the children, whereby the plaintiff would have physical custody of the parties' daughter and the defendant would have physical custody of their son. Thereafter, on May 19, 2011, the parties executed an equitable distribution stipulation which provided that the plaintiff would eventually receive $82,500 in cash in exchange for her agreement to waive her interest in the parties' two marital homes, boat, and three time-shares. The defendant waived his interest in the plaintiff's $20,000 bank account and her pension.

Pursuant to a stipulation in which the parties agreed to submit, on papers, the remaining issues of child support and maintenance for final determination by the Supreme Court, the court issued a decision dated February 23, 2012, addressing those issues based on an affidavit, affirmation, and financial exhibits submitted by the defendant. Thereafter, the defendant

moved to "renew/reargue the February 23rd, 2012 Decision," submitting an affidavit and an affirmation in support of the motion. By order dated July 11, 2012, the court denied the defendant's motion. In the judgment appealed from, entered November 19, 2015, the court, upon the decision, inter alia, awarded maintenance to the plaintiff in the sum of $1,500 per month for a period of four years, and directed the defendant to pay $248.41 per week in child support to the plaintiff.

The defendant's contention that the Supreme Court erred by imputing an income to him of $130,000 when it calculated the maintenance and child support awards is without merit. " 'A parent's child support obligation is not necessarily determined by his or her current financial condition, but rather by his or her ability to provide support' " (*Matter of Solis v Marmolejos*, 50 AD3d 691, 692 [2008], quoting *Matter of Davis v Davis*, 13 AD3d 623, 624 [2004]). "The court is not bound by a party's actual reported income in applying the basic child support obligation, and instead could use that party's actual earning capacity or impute an amount onto the gross income reported by the party" (*Matter of Solis v Marmolejos*, 50 AD3d at 692). Here, the record demonstrated that the plaintiff is a high school graduate who has worked part-time as a cashier since 1998, earning $10,000 to $15,000 annually. The defendant is a college graduate who has had many years of experience working as an estimator for various construction companies. From 2005 until 2009, the defendant's annual salary was approximately $130,000. Although the defendant was unemployed for part of 2010, he earned approximately $47,000, which was supplemented by unemployment compensation and withdrawals from retirement accounts, raising his total income for 2010 to $186,582. The defendant worked for most of 2011 and had a yearly income of $130,000 from a combination of earnings and unemployment compensation. The defendant's contention that the amount of income imputed to him should be limited to his earnings from employment as reported on his 2010 tax return is without merit (*see* Domestic Relations Law § 240 [1-b] [b] [5]). We conclude that the Supreme Court was within its discretion in considering the defendant's employment history and earning capacity and properly imputed an income of $130,000 to the defendant in determining an award of child support (*see* *Fruchter v Fruchter*, 29 AD3d 942, 943 [2006]; *Bittner v Bittner*, 296 AD2d 516, 517 [2002]).

Under the circumstances of this case, the Supreme Court also providently exercised its discretion in awarding spousal maintenance to the plaintiff in the sum of $1,500 per month

for a period of four years. The court limited the duration of the award to a reasonable time to allow the plaintiff to obtain any necessary schooling and training to enable her to be self-supporting and regain self-sufficiency (*see O'Brien v O'Brien*, 66 NY2d 576, 585 [1985]; *Bains v Bains*, 308 AD2d 557, 559 [2003]). The defendant has failed to establish that the amount or duration of the spousal maintenance award was excessive and, as such, the court's determination will not be disturbed.

The defendant's contentions regarding his motion denominated as one to "renew/reargue the February 23rd, 2012 Decision" are without merit (*see* CPLR 2221). Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.