Gillespy v Ceus (2021 NY Slip Op 07541)





Gillespy v Ceus


2021 NY Slip Op 07541


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
DEBORAH A. DOWLING, JJ.


2020-01419
 (Index No. 53054/17)

[*1]Romell Gillespy, respondent,
v
Betty Ceus, appellant.


Daniel P. Moskowitz, Glen Head, NY, for appellant.
Helene Bernstein, Brooklyn, NY, for respondent.
Jennifer Marshall, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an interlocutory judgment of the Supreme Court, Kings County (Jeffrey S. Sunshine, J.), entered November 27, 2019. The interlocutory judgment, insofar as appealed from, upon a decision of the same court dated August 21, 2019, made after a nonjury trial, awarded the plaintiff sole legal and physical custody of the parties' child.
ORDERED that the interlocutory judgment is affirmed insofar as appealed from, without costs or disbursements.
The parties have one child together, born in 2008. In 2017, the plaintiff commenced this action seeking, inter alia, a divorce and sole legal and physical custody of the child. After a nonjury trial on the issue of custody, the Supreme Court, among other things, awarded the plaintiff sole legal and physical custody of the child. The defendant appeals.
"An award of custody must be based upon the best interests of the child, and there is no prima facie right to the custody of the child in either parent" (Bressler v Bressler, 122 AD3d 659, 659). "In determining a child's best interest, the court must consider, among other things, (1) the parental guidance provided by the custodial parent; (2) each parent's ability to provide for the child's emotional and intellectual development; (3) each parent's ability to provide for the child financially; (4) each parent's relative fitness; and (5) the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Williamson v Williamson, 182 AD3d 604, 605-606). "The existence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances" (Turisse v Turisse, 194 AD3d 1090, 1092). "Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's exercise of its discretion will not be disturbed if supported by a sound and substantial basis in the record" (Matter of Carr v Thomas, 169 AD3d 903, 904; see Turisse v Turisse, 194 AD3d at 1092).
Here, the Supreme Court conducted a nonjury trial on the issue of custody, during [*2]which the court observed the demeanor and heard the testimony of the parties and the neutral forensic evaluator. After the nonjury trial, the court determined that the plaintiff provided more guidance and patience and a more consistent and stable home environment than the defendant. Based upon our review of the record, the court's determination awarding sole legal and physical custody to the plaintiff has a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167; Goudreau v Corvi, 197 AD3d 463; Turisse v Turisse, 194 AD3d at 1092-1093).
HINDS-RADIX, J.P., ROMAN, CONNOLLY and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court