Bailey v Bailey (2024 NY Slip Op 05430)

Bailey v Bailey

2024 NY Slip Op 05430

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2019-13783
 (Index No. 63168/17)

[*1]Nicole Bailey, respondent, 
v
David Bailey, appellant.

Christina T. Hall, Harrison, NY, for appellant.
George E. Reed, Jr., White Plains, NY, attorney for the children.
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated September 27, 2019. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated August 9, 2019, made after a nonjury trial, awarded the plaintiff sole legal and physical custody of the parties' children, directed the defendant to pay the sum of $4,124 per month in basic child support, and awarded the plaintiff counsel fees in the sum of $40,000.

DECISION & ORDER
Motion by the attorney for the children, inter alia, to dismiss so much of the appeal as concerns custody and parental access, inter alia, on the ground that it has been rendered academic. By decision and order on motion of this Court dated March 11, 2024, that branch of the motion which is to dismiss so much of the appeal as concerns custody and parental access was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to dismiss so much of the appeal as concerns custody and parental access is granted to the extent that the appeal from so much of the judgment of divorce as awarded the plaintiff sole legal and physical custody of the children Payton and Karson is dismissed as academic, without costs or disbursements, and that branch of the motion is otherwise denied; and it is further,
ORDERED that the judgment of divorce is affirmed insofar as reviewed, without costs or disbursements.
The parties were married in 2002 and have four children. In 2017, the plaintiff commenced this action for a divorce and ancillary relief. After a nonjury trial, and upon a decision dated August 9, 2019, the Supreme Court entered a judgment of divorce dated September 27, 2019, inter alia, awarding the plaintiff sole legal and physical custody of the children, directing the defendant to pay the sum of $4,124 per month in basic child support, and awarding the plaintiff counsel fees in the sum of $40,000. The defendant appeals.
The appeal from so much of the judgment of divorce as awarded the plaintiff sole legal and physical custody of the children Payton and Karson must be dismissed as academic, since those children are now more than 18 years old (see Gugliara v Veras, 170 AD3d 815, 816; Belsky v Belsky, 172 AD2d 576). However, the appeal from so much of the judgment of divorce as awarded the plaintiff sole legal and physical custody of the two youngest children has not been rendered academic.
The Supreme Court properly awarded the plaintiff sole legal and physical custody of the two youngest children. The paramount consideration in making an award of custody is the best interests of the child, under the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171; Cafferata v Cafferata, 165 AD3d 878, 879). Further, "'[a]lthough joint custody is encouraged as a voluntary alternative, it is appropriate only in cases where the parties involved are relatively stable, amicable parents who can behave in a mature, civilized fashion'" (Matter of Turcios v Cordero, 173 AD3d 1048, 1049, quoting Matter of Laura A.K. v Timothy M., 204 AD2d 325, 325-326). "Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's exercise of its discretion will not be disturbed if supported by a sound and substantial basis in the record" (Gillespy v Ceus, 200 AD3d 1033, 1034 [internal quotation marks omitted]). Here, the court's determination that an award of sole legal and physical custody of the two youngest children to the plaintiff was, under the totality of the circumstances, in the best interests of those children has a sound and substantial basis in the record and will not be disturbed on appeal (see Matter of Turcios v Cordero, 173 AD3d at 1049; Cafferata v Cafferata, 165 AD3d at 879).
In determining child support obligations, "[t]he court has considerable discretion in determining whether income should be imputed to a party and the court's credibility determinations are accorded deference on appeal" (Tuchman v Tuchman, 201 AD3d 986, 990 [internal quotation marks omitted]; see Diliberto v Diliberto, 230 AD3d 637, 639). "A parent's child support obligation is not necessarily determined by his or her current financial condition, but rather by his or her ability to provide support" (Volkerick v Volkerick, 153 AD3d 885, 886 [internal quotation marks omitted]). "[A] court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings. The court may impute income to a party based on his or her employment history, future earning capacity, educational background, or money received from friends and relatives" (Diliberto v Diliberto, 230 AD3d at 639 [internal quotation marks omitted]). "While a court is afforded considerable discretion in determining whether to impute income to a [party], a determination to impute income will be rejected where the amount imputed was not supported by the record, or the imputation was an improvident exercise of discretion" (Weiss v Nelson, 196 AD3d 722, 724 [internal quotation marks omitted]).
Contrary to the defendant's contention, the Supreme Court's child support determination reflects a thorough consideration of the evidence regarding the defendant's voluntary reduction of his salary after the action was commenced and the reduction in the plaintiff's income due to her employer's elimination of her division and her acceptance of a lower paying position within the same company, and its credibility findings will not be disturbed (see Diliberto v Diliberto, 230 AD3d at 639). The court did not improvidently exercise its discretion in declining to impute additional annual income to the plaintiff (see Filippazzo v Filippazzo, 121 AD3d 835, 836). Similarly, the court providently exercised its discretion in imputing $170,334 of annual income to the defendant based upon his past earnings (see Volkerick v Volkerick, 153 AD3d at 886).
An award of counsel fees is a matter within the sound discretion of the trial court, taking into consideration the equities and circumstances of the particular case, including the parties' respective financial conditions and the relative merits of their positions (see Domestic Relations Law § 237[a]; Johnson v Chapin, 12 NY3d 461, 467; Habib v Habib, 227 AD3d 874, 877). Here, considering the equities and circumstances of the case, including the parties' respective financial conditions, the relative merit of the parties' positions, and the defendant's apparent obstructionist [*2]tactics, the Supreme Court providently exercised its discretion in awarding the plaintiff counsel fees in the sum of $40,000 (see Johnson v Chapin, 12 NY3d at 467).
The defendant's remaining contentions are either unpreserved for appellate review or without merit.
CHAMBERS, J.P., MALTESE, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court