Matter of Reid v Williams (2025 NY Slip Op 00226)

Matter of Reid v Williams

2025 NY Slip Op 00226

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-12272
 (Docket Nos. V-21205-18, V-21206-18, V-19210-19, V-19211-19)

[*1]In the Matter of Devon Reid, respondent,
v
Tibuananna D. Williams, appellant. (Proceeding No. 1.)
In the Matter of Tibuananna D. Williams, appellant,Devon Reid, respondent. (Proceeding No. 2.)

 

Lisa A. Manfro, Glen Cove, NY, for appellant.
David Laniado, Cedarhurst, NY, for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell, Alison Reisner, and Amy Hausknecht of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Joan L. Piccirillo, J.), dated November 29, 2023. The order, insofar as appealed from, after a hearing, granted the father's petition for sole legal and physical custody of the parties' children, denied the mother's petition for sole legal custody of the children, directed that the mother's parental access with the children be conducted virtually and supervised, upon the consent of the children, and denied the mother's motion, inter alia, to hold the father in contempt for violating an order of the same court dated July 25, 2022.
ORDERED that the order dated November 29, 2023, is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of twin boys, born in January 2010, who have resided with the father since 2018. The father filed a petition for sole legal and physical custody of the children, and the mother field a petition for sole legal custody of the children. The mother also moved, among other things, to hold the father in contempt for violating an order dated July 25, 2022, which, inter alia, appointed a social worker to observe and evaluate the mother's supervised parental access. After a hearing, the Family Court, among other things, granted the father's petition for sole legal and physical custody of the children, denied the mother's petition, directed that the mother's parental access be conducted virtually and supervised, upon the consent of the children, and denied the mother's motion, inter alia, to hold the father in contempt for violating the order dated July 25, 2022. The mother appeals.
"Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the [*2]parents, the court's exercise of its discretion will not be disturbed if supported by a sound and substantial basis in the record" (Gillespy v Ceus, 200 AD3d 1033, 1034). Here, the Family Court's determination that an award of sole legal and physical custody of the children to the father was, under the totality of the circumstances, in the best interests of the children has a sound and substantial basis in the record and will not be disturbed on appeal (see Matter of Turcios v Cordero, 173 AD3d 1048, 1049).
The determination of parental access also is within the sound discretion of the court based upon the best interests of the children (see Matter of Lane v Lane, 68 AD3d 995, 997) and should not be set aside unless it lacks a sound and substantial basis in the record (see Reilly v Hager-Reilly, 166 AD3d 825, 827). Here, the evidence demonstrated that the mother lacked insight into her own needs and the needs of the children and that therapeutic supervised visits between the mother and the children proved unsuccessful. Consequently, under the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 172), the Family Court's determination that the mother's parental access be conducted virtually and supervised, and conditioning the virtual access on the children's consent, is supported by a sound and substantial basis in the record (cf. Matter of Mondschein v Mondschein, 175 AD3d 686, 687-688).
Contrary to the mother's contentions, the Family Court providently exercised its discretion under the circumstances of this case in declining to direct a forensic evaluation (see Matter of Rhodie v Nathan, 67 AD3d 687) or to conduct an in camera interview with the children (see Matter of Desroches v Desroches, 54 AD3d 1035, 1036).
Contrary to the mother's further contention, the Family Court properly denied her motion, inter alia, to hold the father in contempt for violating an order dated July 25, 2022, which, among other things, appointed a social worker to observe and evaluate the mother's supervised parental access. An application to punish a party for civil contempt "is addressed to the sound discretion of the court, and the movant bears the burden of proving the contempt by clear and convincing evidence" (Matter of Hughes v Kameneva, 96 AD3d 845, 846). "The movant must establish that: (1) a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) the movant was prejudiced by the offending conduct" (Savel v Savel, 153 AD3d 872, 873). Here, the mother failed to establish, by clear and convincing evidence, that the father disobeyed the order dated July 25, 2022.
The mother's remaining contentions are unpreserved for appellate review and, in any event, without merit.
BARROS, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court