Matter of 157 Leonard St LLC v Capella (2025 NY Slip Op 51687(U))

[*1]

Matter of 157 Leonard St LLC v Capella

2025 NY Slip Op 51687(U)

Decided on October 22, 2025

Supreme Court, Kings County

Ward, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 22, 2025
Supreme Court, Kings County

In the Matter of the Application of 157 Leonard St LLC, Petitioner, 
 For an Order and Judgment pursuant to Section 881 of the Real Property Actions and Proceedings Law for access to adjoining property,

against
George Capella, Jr. and Tiffany Iris Capella, Respondents.

Index No. 510276/24

PERAINO MALINOWSKI LLP 
Attorneys for the Petitioner 
152 Madison Avenue 16th Floor 14 
New York, New York 10016
By: DAVID M. PERAINO, ESQ. 
MOHAMMAD HASSAN, ESQ.
SEDDIO & ASSOCIATES, P.C. 
One Metrotech Center Suite 1803
Brooklyn, New York 11201
By: FRANK SEDDIO, ESQ.
KAUFMAN DOLOWICH, LLP 
Attorneys for the Respondents 
135 Crossways Park Drive 22 
Woodbury, New York 11797
By: ERIK ORTMANN, ESQ. 
ADAM A. PERLIN, ESQ.

Kerry J. Ward, J.

The following e-filed papers read herein: NYSCEF Doc Nos.
Notice of Motion/Order to Show Cause/
Petition/Cross Motion and
Affidavits (Affirmations) 112-122, 125 
Opposing Affidavits (Affirmations) 133-143
Upon the foregoing papers in this special proceeding, pursuant to RPAPL § 881, commenced by petitioner 157 Leonard St LLC (Petitioner) for access and entry to the adjacent property owned by respondents George Capella, Jr. and Tiffany Iris Capella (the Capellas or Respondents), Respondents move (in motion sequence [mot. seq.] two), by order to show cause (OSC), for an order: (1) restraining Petitioner, its agents, representatives, or anyone working on its behalf, from entering Respondents' premises at 151 Leonard Street in Brooklyn (Block 3032, Lot 21) (the Adjacent Premises) until Petitioner has complied with this court's December 13, 2024, Decision and Order requiring that Petitioner, in consideration of the access to the Adjacent Premises granted by the court, pay Respondents' attorneys' fees and engineering fees in the amount of $93,976.00, and a monthly license fee of $3,200.00; (2) pursuant to Judiciary Law § 753 (A), holding Petitioner in contempt of the court's December 13, 2024 decision and order and the judgment entered on December 27, 2024, for Petitioner's failure to pay the attorneys' fees and engineering fees ordered by the court; (3) directing Petitioner to pay Respondents license fees in the amount of $16,000.00, plus interest, from December 13, 2024, and continuing thereafter, as directed in the court's December 13, 2024 decision and order; (4) directing Petitioner to pay Respondents $94,212.75, plus interest, from December 13, 2024, as directed in the court's December 13, 2024 decision and order; and (5) pursuant to Judiciary Law § 773, awarding Respondents attorneys' fees and the costs that they incurred due to Petitioner's failure to comply with the court's December 13, 2024 decision and order (NYSCEF Doc No. 125).
 Background
On April 10, 2024, Petitioner, the owner of 157 Leonard Street in Brooklyn (Block 3032, Lot 18) (the Project Premises), commenced this special proceeding by filing a verified petition and an OSC for an order, pursuant to RPAPL § 881, granting it access to the Capella's Adjacent Premises for approximately 24 months in connection with its excavation and construction of a new four-story building (Petition at ¶¶ 1-2 and 10).
By a December 13, 2024, decision and order (the December 2024 Order), this court held that "[g]iven that the Project Premises and the Adjacent Premises abut one another, such access is required and permissible" and "[a] license fee is appropriate pursuant to RPAPL § 881" (NYSCEF Doc No. 104 at 3). Specifically, the December 2024 Order granted Petitioner a license to access the Adjacent Premises for a period of 24 months based on certain terms and conditions, including that "Petitioner shall pay Respondent[s] license fees of $3,200.00 per month from the date of this Order going forward, for the duration of Petitioner's access to the Adjacent Premises" (id. at 6 [emphasis added]). The December 2024 Order further required that Petitioner shall pay Respondents attorneys' fees and costs in the amount of $83,476.00 and engineering fees in the amount of $10,500.00 since "[t]his matter has been contentious and has been vigorously litigated by both parties" and "required significant legal and engineering expertise" (id. at 7). Notably, the December 2024 Order, notice of entry of which was e-filed on December 16, 2024 (NYSCEF Doc No. 105), explicitly states that "[t]his Order is hereby effective immediately upon issuance" (NYSCEF Doc No. 104 at 7 [emphasis added]).
On December 20, 2024, Petitioner noticed its appeal "from all portions" of the December [*2]2024 Order (NYSCEF Doc No. 106 at 1). Petitioner's description of the appeal in its Informational Statement provides that the December 2024 Order:
"improperly awarded Respondents over $93,000 in professional fees without permitting Petitioner to file opposition to said fees [and] without a hearing on the reasonableness of said fees. Additionally, the Order improperly granted Respondents a monthly license fee from the date of the Order without any protections or access to Respondents' property" (id. at 3).
On December 27, 2024, this court issued a judgment in favor of the Capella Respondents in the amount of $93,976.00, plus costs, disbursements and statutory interest from December 13, 2024, to the date of entry of judgment for a total of $94,212.75 (NYSCEF Doc No. 110).
Respondents' Instant OSC
On May 20, 2025, Respondents moved, by OSC with a temporary restraining order (TRO),[FN1]
for an order: (1) restraining Petitioner from entering the Adjacent Premises until Petitioner has complied with the December 2024 Order requiring that Petitioner pay Respondents attorneys' fees and engineering fees in the amount of $93,976.00 and a monthly license fee of $3,200.00; (2) holding Petitioner in contempt of the December 2024 Order and Judgment; (3) directing Petitioner to pay Respondents licensing fees of $16,000.00, plus interest from December 13, 2024; (4) directing Petitioner to pay Respondents $94,212.75, plus interest from December 13, 2024; and (5) awarding Respondents attorneys' fees and cost incurred due to Petitioner's failure to comply with the December 2024 Order (NYSCEF Doc No. 125).
Respondent Tiffany Capella submits an affidavit attesting that "[d]espite the unequivocal mandate in this Court's Decision and Order dated December 13, 2024 . . . that Petitioner pay my brother and me $3,200/month for access, along with our attorney's fees and professional fees, Petitioner has refused to make any payment whatsoever" (NYSCEF Doc No. 113 at ¶ 7). Capella asserts that "Petitioner has no right to any access of the Capella Premises until it has fully paid the license fee owed, along with the attorney's fees and the professional fees required by the Decision and Order" (id. at ¶ 8).
Respondents submit an attorney affirmation explaining that when Respondents filed a proposed judgment in January 2025 for the fees awarded in the December 2024 Order, Petitioner rejected it on the ground that there is an automatic stay, pursuant to CPLR 5519 (a) (2), based on Petitioner's purported filing of an undertaking with Riverside Abstract (NYSCEF Doc No. 114 at ¶ 11). Respondents' counsel argues that any undertaking posted by Petitioner did not trigger an automatic stay of enforcement of the December 2024 Order under CPLR 5519 because: (1) to date, Petitioner has refused to pay the license fee, despite the fact that the December 2024 Order required that it do so "from the date of this Order going forward"; (2) "Petitioner has provided no proof that it posted the purported undertaking" or "any other information that bears on whether Riverside Abstract is qualified to act as a reliable and impartial escrow agent for [*3]Petitioner's undertaking"; and (3) "Petitioner failed to file such undertaking with an affidavit with the Clerk of the Court and . . . [up]on the Respondents as required by CPLR § 2505"[FN2]
(id. at ¶¶ 16-18).
Respondents also submit a memorandum of law asserting that they are entitled to an order holding Petitioner in civil contempt of the December 2024 Order "[t]o combat Petitioner's brazen disrespect for the Court . . ." (NYSCEF Doc No. 123 at 2). Respondents argue that "Petitioner's disobedience prejudiced" them since it "deprived the Respondents of license fees due to them and accruing since the Court issued its Decision and Order on December 13, 2024" and "forced the Respondents to pay out of their own pockets the attorney's fees and engineering fees due" (id. at 6).
Petitioner's May 27, 2025 Undertaking
On May 27, 2025, the court-imposed deadline under the TRO for Petitioner to comply with CPLR 2505 (infra at fn. 1), Petitioner e-filed an undertaking of $116,376.00 with the Kings County Clerk "to stay execution [of the December 2024 Order] pending appeal . . ." pursuant to CPLR 5519 (NYSCEF Doc Nos. 125 at 3, 127 and 132). That same day, Petitioner's counsel e-filed an affirmation of service affirming that he "served a copy of the undertaking filed on May 27, 2025 with the Kings County Clerk pursuant to CPLR §§ 5519 and 2505 via NYSCEF . . ." (NYSCEF Doc No. 128).
Petitioner's Opposition
On June 13, 2025, in opposition to Respondents' OSC, Petitioner submitted an attorney affirmation clarifying that Petitioner is only appealing the "excessive" legal fees that the December 2024 Order awarded to Respondents because their "unreasonable and prolonged demands for heightened security measures . . . significantly delayed resolution of the matter and inflated legal fees . . ." (NYSCEF Doc No. 133 at ¶¶ 4-5). Petitioner confirms in its opposition brief that it is only appealing that branch of the December 2024 Order "which awarded Respondents attorneys' fees in connection with negotiation and litigation of a license . . ." (NYSCEF Doc No. 144 at 2).
Petitioner's counsel argues that "the Judgment was automatically stayed by operation of CPLR § 5519 upon the filing of the appeal and posting of an undertaking" (NYSCEF Doc No. 133 at ¶ 21). Petitioner's counsel asserts that "[a]s of May 21, 2025, Petitioner had deposited $151,576.00 with Riverside Abstract which included the Judgment amount and additional monthly license fee payments" (id. at ¶ 24). Counsel asserts that "[o]n May 27, 2025, Petitioner, in full compliance with CPLR § 2505 and the Court's directive [in the TRO], and to eliminate any doubt as to whether there is a statutory automatic stay in place[,] deposited the undertaking with the Court" thereby "eliminating all claims of noncompliance" (id. at ¶¶ 31 and 36).
Petitioner also submits a memorandum of law in opposition to Respondents' OSC, which argues that "Respondents improperly seek to hold Petitioner in contempt for non-payment of a monetary judgment entered on December 27, 2024, in the amount of $94,212.75 . . . despite a [*4]statutory automatic stay of enforcement under CPLR § 5519 triggered by Petitioner's Notice of Appeal, filed on December 20, 2024" (NYSCEF Doc No. 144 at 2 [emphasis added]). Petitioner further argues that "Respondents' frivolous application for contempt is in blatant contravention of well-settled Second Department law as they clearly seek to enforce the stayed Judgment" (id. at 3 [emphasis added]).
Respondents' Reply
Respondents, in reply, submit a memorandum of law asserting that "no stay under CPLR § 5519 was even arguably triggered until Petitioner deposited money with the Court on May 27, 20[2]5 as required by CPLR § 2505 — nearly six months after the Court's Decision and Order when Petitioner gained access to the Capella Premises — and only then because the Court granted Respondents' request for a TRO and directed Petitioner to deposit its undertaking with the Court" (NYSCEF Doc No. 148 at 3). Respondents assert that "Petitioner does not dispute that it failed to comply with CPLR § 2505 until May 27, 2025 at the earliest, when the Court directed it to do so" and "Petitioner's own papers establish Petitioner's contempt for at least the period of December 13, 2024 (the date of the Decision and Order) through May 27, 2025" (id. at 4).
Respondents further note that Petitioner's opposition papers "misleadingly" reference the December 27, 2024, Judgment, despite the fact that Respondents' instant OSC is based on Petitioner's failure to comply with the terms of the December 2024 Order (id. at 3, fn. 1). Respondents also argue that the $116,376.00 undertaking that Petitioner deposited with the court on May 27, 2025, is insufficient because it "does not address the fact that the license fee owed to Respondents will continue to accrue every month" and "does not appear to include any interest amounts, much less sufficient interest to protect Respondents through the pendency of Respondents' appeal" (id. at 7).
Alternatively, if the court does not order Petitioner to pay Respondents the licensing fees based on a stay pending their appeal, pursuant to CPLR 5519, Respondents assert that the stay should apply to all parties and should preclude Petitioner from accessing the Capella Premises because "[a]ny other result would permit Petitioner to unfairly access and exploit the Capella Premises without providing Respondents any compensation for that use" (id. at 8). Respondents thus argue that an injunction is warranted to "ensure that Petitioner is barred from accessing the Capella Premises until Petitioner pays Respondents the Court-Ordered Fees required by the Court's Decision and Order" (id. at 9-11).

Discussion
(1)
Petitioner asserts that the December 2024 Order is stayed in its entirety, pursuant to CPLR 5519 (a) (2) and (3), which provide that:
"(a) Stay without court order. Service upon the adverse party of a notice of appeal or an affidavit of intention to move for permission to appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination on the motion for permission to appeal where:

 * * *
"2. the judgment or order directs the payment of a sum of money, and an undertaking in that sum is given that if the judgment or order appealed from, or any part of it, is [*5]affirmed, or the appeal is dismissed, the appellant or moving party shall pay the amount directed to be paid by the judgment or order, or the part of it as to which the judgment or order is affirmed; or
"3. the judgment or order directs the payment of a sum of money, to be paid in fixed installments, and an undertaking in a sum fixed by the court of original instance is given that the appellant or moving party shall pay each installment which becomes due pending the appeal and that if the judgment or order appealed from, or any part of it, is affirmed, or the appeal is dismissed, the appellant or moving party shall pay any installments or part of installments then due or the part of them as to which the judgment or order is affirmed."
However, the Second Department has held that the scope of the stay authorized by CPLR 5519 (a) is "not a stay of acts or proceedings other than those commanded by the order or judgment appealed from" (Schwartz v New York City Hous. Auth., 219 AD2d 47, 48 [2d Dept 1996] [emphasis added]). Thus, the scope of the stay is based on the scope of the pending appeal.
Here, Petitioner's counsel has clarified that Petitioner's pending appeal is only from those branches of the December 2024 Order requiring Petitioner to pay Respondents $83,476.00 in attorneys' fees based on Petitioner's assertion that "Respondents' unreasonable and prolonged demands for heightened security measures . . . significantly delayed resolution of the matter and inflated legal fees . . ." and Respondents' "security concerns" "caused extensive delays, required numerous court conferences, engineering reviews, and substantially inflated Respondents' attorneys' fees" (NYSCEF Doc No. 133 at ¶¶ 4-5 and 9-10). Consequently, the December 2024 Order was only stayed, pursuant to CPLR 5519 (a) (2), as of May 27, 2025, with respect to that branch of the December 2024 Order that required Petitioner to pay Respondents $83,476.00 in attorneys' fees, which is the only portion of the December 2024 Order that Petitioner appealed from.
In light of this determination, the $116,376.00 undertaking filed by Petitioner with the Kings County Clerk on May 27, 2025 (NYSCEF Doc No. 127) is more than adequate to stay the enforcement of only that portion of the December 2024 Order regarding Petitioner's payment of $83,476.00 in attorneys' fees to Respondents with interest through the pendency of Respondents' appeal.
Respondents are thus entitled to an order requiring Petitioner to comply with the remaining provisions of the December 2024 Order that are not the subject of Petitioner's pending appeal, including: (1) paying Respondents engineering fees in the amount of $10,500.00, plus statutory interest calculated as of December 13, 2024, and (2) paying Respondents a monthly licensing fee of $3,200.00, plus statutory interest calculated from December 13, 2024. Respondents have also demonstrated their entitlement to an order restraining Petitioner, its agents, representatives, or anyone working on its behalf, from entering the Adjacent Premises until Petitioner has complied with the foregoing provisions of the December 2024 Order.

 (2)
The goal of civil contempt is to vindicate a party's right to the benefits of a judicial mandate or to compensate that party for the interference by the contemnor" (Spencer v Spencer, 159 AD3d 174, 177 [2d Dept 2018]). "In order to adjudicate a party in civil contempt, a court must find: (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the party against whom contempt is sought disobeyed the order, (3) that the party [*6]who disobeyed the order had knowledge of its terms, and (4) that the movant was prejudiced by the offending conduct" (id.). "The element of prejudice to a party's rights is essential to civil contempt . . ." (U.S. Bank Nat'l Ass'n v Sirota, 189 AD3d 927, 930 [2d Dept 2020] [internal quotation marks omitted]). "The party moving for such relief must establish contempt by clear and convincing evidence" (Philie v Singer, 79 AD3d 1041, 1042 [2d Dept 2010]). A motion to punish a party for civil contempt is addressed to the sound discretion of the court (id.).
Here, there is no dispute that Petitioner posted a $116,376.00 undertaking with the court, pursuant to CPLR 2505, on May 27, 2025, the deadline to do so explicitly set forth in the TRO issued by the court. However, there is also no dispute that: (1) Petitioner failed to pay Respondents licensing fees, attorneys' fees and engineering fees immediately upon the issuance of the December 13, 2024 Order, in accordance with its unequivocal mandates, and (2) Petitioner's $116,376.00 undertaking that it posted with the court five months later was less than the total amount of licensing, attorneys' and engineering fees that Petitioner was explicitly directed to pay Respondents in the December 2024 Order. Respondents have satisfied their burden of demonstrating that Petitioner failed to comply with the unequivocal mandates in the December 2024 Order.
Respondents admit in their moving brief that "where, as here, the prejudice to Respondents' rights are not quantifiable, the statute limits the fine for Petitioner's contempt to $250 plus Respondents' losses and expenses, including the costs of this motion" (NYSCEF Doc No. 123 at 6 [emphasis added]). Respondents' reply brief similarly asserts that this court "should award Respondents costs and fees for this motion, along with the maximum fine for contempt permitted by the CPLR" (NYSCEF Doc No. 148 at 6). Under the circumstances here, a statutory fine of $250 is warranted, since Respondents admit that the prejudice to their rights is not quantifiable (E. End Hangars, Inc. v Town of E. Hampton, 225 AD3d 865, 869 [2d Dept 2024] [holding that since "petitioners/plaintiffs did not establish actual damages . . . they may only recover reasonable costs and expenses, including attorneys' fees, plus a statutory fine in the sum of $250"]).
While Respondents are also entitled to the cost associated with this motion, including legal fees, they have failed to submit an attorney affirmation or any documentary evidence regarding the legal fees that they have incurred. Consequently, a framed-issue hearing regarding the costs and legal fees Respondents have incurred based on Petitioner's failure to comply with the December 2024 Order is required. Accordingly, it is
ORDERED that Respondents' motion (mot. seq. two) is only granted to the extent that: (1) Petitioner shall amend its notice of appeal (NYSCEF Doc No. 106) to clarify the limited scope of its pending appeal from the December 2024 Order concerning the amount of attorneys' fees awarded to Respondents; (2) Petitioner shall pay Respondents monthly license fees in the amount of $3,200.00, plus statutory interest, as of December 13, 2024, and continuing thereafter, as previously directed in the December 2024 Order; (3) Petitioner shall pay Respondents engineering fees in the amount of $10,500.00, plus statutory interest calculated as of December 13, 2024, as previously directed in the December 2024 Order; (4) Petitioner, its agents and representatives are restrained from entering Respondents' Adjacent Premises until Petitioner has made the foregoing payments, which shall be made by Petitioner immediately after service of this decision and order with notice of entry thereof; (5) Petitioner is hereby held in civil contempt of the December 2024 Order, pursuant to Judiciary Law § 753 (A), and shall pay Respondents a statutory fine of $250, pursuant to Judiciary Law § 773; and (6) Petitioner shall [*7]pay Respondents the attorneys' fees and the costs that they have incurred in connection with Petitioner's failure to comply with the December 2024 Order and the instant motion, pursuant to Judiciary Law § 773, after a framed-issue hearing; the motion is otherwise denied; and it is further
ORDERED that the parties shall appear on November 5, 2025 at 9:30AM or a date thereafter, in Part 82, Room 482 for a framed-issue hearing regarding the legal fees and costs that Respondents have incurred in connection with Petitioner's failure to comply with the December 2024 Order.
This constitutes the decision and order of the court.
E N T E R,
HON. KERRY J. WARD, A. J. S. C.

Footnotes

Footnote 1: A TRO was issued restraining Petitioner from entering the Capella Premises "until the earlier of May 27, 2025, or Petitioner's full compliance with CPLR 2505" pending the hearing of the OSC (NYSCEF Doc No. 125 at 3). By a June 16, 2025, decision and order entered after oral argument, the TRO was extended pending a determination of Respondents' OSC (NYSCEF Doc No. 146).

Footnote 2: CPLR 2505 provides that "[a]n undertaking together with any affidavit required by this article shall be filed with the clerk of the court in which the action is triable, or, upon an appeal, in the office where the judgment or order of the court of original instance is entered, and a copy shall be served upon the adverse party. The undertaking is effective when so served and filed."